Per Curiam.
We are fully of opinion that the demandant can-
not prevail in this action; and this upon two grounds. In the first place, we think that the administrator had no authority to make the sale, under the license, at the period he did. We have already decided that a license is not to be granted, unless to raise money for the payment of debts which the administrator is by law compellable to pay. In * the present case there can be no question that, at the time of his obtaining the
license, there were demands of that description existing against the estate of his intestate. But when he made the sale, no such demands existed in favor of other creditors; and his own claim stood on no better ground than those of others. It is true that the practice, in relation to this subject, has formerly been very loose; but we have endeavored, in several late cases, to ascertain and define the rights and the duties of administrators. As suits against them are by statute to be 'commenced within four years, there can be no good reason for the exercise of the authority given to the courts for licensing the sale of real estate for the payment of debts after that term has expired; except, indeed, if suits are still pending, it would be reasonable to sustain an application for such license within a reasonable time after such suits shall be ended. We should not, then, have licensed this administrator, at the time he made the sale; and there is no ground, on which the sale can be justified, which would not have rendered it equally fitting to have granted a license at that time.
The mistake made in the advertising of the sale is sufficient to render it void. There is the utmost necessity of precision in transactions of this nature. Those who might be disposed to attend the sale, as bidders, would be deterred by observing such a blunder. The corrected notice on the day of the sale did not leave sufficient time for general information, (a)

Demandant nonsuit.

 Ex parte Allen, ante, 58. — Thompson vs. Brown & Al. 16 Mass. Rep. 172. ~ Emerson vs. Thomson, 16 Mass. Rep. 429. — Scott vs. Hancock & Al. 13 Mass. Rep 162. — Brown vs. JhuLerson, 13 Mass. Rep. 201. — Clarke vs. Tufts, 5 Pick. 337. —Kicard vs Williams, 7 JVheat. 59—115.