Thayer *v.* Roberts.

# COUNTY OF WALDO.

————o————

JOHN E. THAYER ET AL. *versus* SYLVANUS ROBERTS.

An officer gave notice of the sale of an equity of redemption, to take place on Saturday, the twenty-fourth day of the month, when the twenty-fourth day of that month was Sunday. Such notice is invalid, and no title to the property is conveyed by a sale on Saturday the twenty-third; and an alteration of the notice by erasing twenty-fourth and inserting twenty-third eight days before the sale, does not cure the defect.

A return of the officer that he notified and made the sale on the last named day, is false, and he is liable in damages to one who had a subsequent attachment to the amount of the value of the property, as shown by the sale, after deducting the expenses thereof.

The facts in this were agreed by the parties.

The action is CASE against the defendant, as sheriff of Waldo, for a false return of S. S. Gerrish, one of his deputies.

March 26th, 1852, the Waterville Bank sued one Thomas Snell, of Unity, and caused an attachment of all his right, title and interest in and to real estate in Waldo county, to be made, which attachment was preserved until March 29th, 1855, when judgment was rendered in said suit against said Snell for $614.63 damages, and cost $10.54, on which judgment, execution was duly issued on the 30th of March, 1855, and placed in the hands of said Gerrish, then a deputy of the defendant, who was then sheriff of Waldo, for service. On the 24th of April, 1855, said Gerrish seized on said execution the right in equity of said Snell of redeeming two parcels of land in Unity, and afterwards, at a public auction, held at said Unity, on the 30th day of June, 1855, by adjournment from the 23d day of said June, he made sale of said right in equity to one Daniel H. Brown, for the sum of $323.12, and on the

same day executed and delivered to said Brown a deed of the same, as appears by the return of said Gerrish on said execution.

Notice of said sale was published in the Republican Journal, a public newspaper printed at Belfast, in said county, three weeks successively, the last publication being in a paper dated June 22d, 1855; the second in a paper dated June 15th, 1855; the first in a paper dated June 8th, 1855.

It is admitted that said officer in April, posted in a public place in Unity, and in Troy and Thorndike, two adjoining towns, notices of said sale, similar to said newspaper notice, in all respects, that the day of sale was stated to be on "Saturday, the twenty-fourth" day of June, instead of the twenty-third, which notice remained up and unaltered till eight days prior to said twenty-third day of June, when said Gerrish erased "24th," and inserted "23d." There was no other notice of said sale published or posted.

The deed of said officer to said Brown was duly recorded August 25th, 1855.

It is agreed that the plaintiff, on the 16th of October, 1852, sued out a writ against said Snell; that on the 19th of said October all of said Snell's right and interest in real estate in said county of Waldo was duly attached, and said attachment was preserved until March, 1856, at which time judgment was rendered thereon for the sum of $19,620.89 debt, and $36.89 cost, on which execution was issued, and within thirty days after rendition of judgment, on March 25th, 1856, placed in the hands of Eben Berry, deputy sheriff, of said county of Waldo, to be satisfied by levy on any property which could be found belonging to said Snell.

Said officer being unable to find property sufficient to satisfy said execution, returned the same unsatisfied, for a large sum, $17,000, as appears by his return.

Said Snell is admitted to be insolvent, and was at the time of said return.

It is admitted that more than a year after the said sale by Gerrish to Brown, said Brown being informed of the facts

regarding said notice, sold his right to said property for three hundred dollars.

*Rowe & Bartlett,* counsel for the plaintiffs.

The return of the officer, Gerrish, was false, in the statement that he had posted notices of the sale in Unity, &c., thirty days prior to the sale. The sale was on the 23d, and the notices of the sale on that day were not posted until *eight* days before the day of the sale. *Wellman* v. *Lawrence,* 15 Mass. R., 326, 330; 7 Pick. R., 554.

The notice in the newspaper was not sufficient. The three weeks of publication were not completed prior to the sale, but only fifteen days intervened between the first publication and the sale. If a week be simply a measure of time, consisting of seven consecutive days, then a publication three weeks successively must be a publication for twenty-one days. Had the publication been in a daily paper, through fifteen days, commencing on the 8th and ending on the 22d of June, would any one hold that to be a publication three weeks? Can the fact that the paper was published but once a week alter the case? Suppose the publication had been in a paper published twice a week — the notice then would have appeared in five consecutive numbers; would that have been a publication three weeks successively?

If a week be not simply an aggregation of seven consecutive days, but, as was held in *Rockendorff* v. *Taylor's lessee,* 4 Peters' R., 349, a definite period of time, commencing on Sunday and ending on Saturday, then the term "week," in the statute, is like the term "day," expressing an entirety; and the three weeks prior to the doing of an act must have fully expired before the act could be done. It cannot be legally done during the third week, as was done in this case. The word "week" has the same construction given in *Bazalgette* v. *Lowe,* 31 Eng. Law and Eq. R., 338.

The proper remedy for plaintiffs is by this action. *Whit-*

*aker* v. *Sumner*, 7 Pick. R., 555 ; *Whitaker* v. *Sumner*, 9 Pick. R., 308 ; *Bussey* v. *Leavitt*, 12 Maine R., 380.

Had the defendant made a true return, plaintiffs could and would have levied their execution upon the same equity of redemption. And the measure of damages is the value of the property which would have been applied towards the satisfaction of their execution, which is shown by the sale to have been $323.12, to which interest is to be added, from return day of our execution. *Whitaker* v. *Sumner*, 9 Pick. R., 308.

*A. P. Palmer*, counsel for the defendant.

The defendant is sued in this action for the malfeasance of a deputy in making an alleged false return, upon an execution in favor of the Waterville Bank v. Thomas Snell, which return was of a sale of an equity of redemption of certain lands in Waldo county, and upon which the plaintiff had a subsequent attachment.

After an examination of the facts in the case, and the legal authorities upon the question of the plaintiff's right to bring this action, and upon the point of the *validity* of the conveyance made by the defendant's deputy, the defendant makes but a single point, which arises upon the following facts as shown in the case :

The seizure was duly made, and the notice in the newspaper duly and correctly published. The deputy also posted notices in due time in Unity, where the land lay, and in two adjoining towns, appointing the sale at the same place, excepting that by a mistake he called the Saturday on which the sale was intended to have been held, " Saturday, the 24th," instead of the " 23d " day of June, which was correct, and as it was in the newspaper. Having, some days after and about ten days before the 23d, discovered that he had made a mistake in the *posted* notices, he changed the figures so that they would read the 23d.

The question is, is that sufficient compliance with the laws

Thayer *v.* Roberts.

to justify the officer in stating in the return that he did, " on the 25th of April, 1855, give public notice, by posting and publishing notices, that he would sell on Saturday, the 23d of June ?" Or, in other words, is the return false in any *material* or *substantial* sense ?

The question arises upon so slight a variance of the return from the exact fact, that I have not been able to find any case which can aid the court.

The court will perceive, and every one would perceive, by looking at the posted notices or notice, (for it is not certain that more than one of them contained this trifling error,) what day was intended by the notice. The 24th was Sunday, and any one would know at once, that " Saturday, 16," or " Saturday, 30," could not have been intended, even if they had known, while looking upon the notice, that Saturday was not the 24th.

This was mere *clerical*, accidental error ; and officers, like all of us, even the court, are not infallible, and are liable to make such mistakes.

When no one could, by any possibility, have been misled, or could by possibility have misconceived the day of sale, and when the subsequent attachor himself would only stand as he stood by virtue of his attachment, at the time it was made, will the court hold the defendant for infallible certainty and accuracy in his deputy ? Suppose the return had been that he had given written notice to the debtor in hand, when in fact he had left it at his last and usual place of abode, and the debtor made no complaint. Would it be sound reason or good law to hold the defendant liable for a variance from exact fact, which were, to all practical good, complied with. How much less than reason, to hold to that extreme rigidity, when a variance only nominal and not of any practical disadvantage in understanding the notice, or working any disadvantage to subsequent attaching creditors ?

Courts, even in their most solemn processes, allow amendments, even in some cases after they have been executed, to correct mere clerical errors, when no one is placed in a worse

situation than they would have been had not the accidental error occurred.

The statute does not point out any particular form of stating *the time of sale* in a notice. It was necessary to state the day of the week, *and* the day of the month. The notice would have been good had it said the third Saturday in June, or if it had said the 23d day of June; but the 24th being Sunday, was clearly a means to any one who intended to attend the sale, that Saturday, the 23d, was the day. If the sale had been appointed and intended for Friday, the 22d, and had been written Friday, the 23d, there would have been difficulty in knowing whether the mistake was the day of the week or the day of the month, but where the day would be Sunday, no such difficulty would arise in the mind. Indeed, most of those who read the notice for a moment would consider but Saturday *was* the 24th, and attend on Saturday.

Besides, the notice in the paper being the principal and general notice, would be that mostly read, and would at once correct the difficulty, if any existed. The courts in Massachusetts upheld a tax sale, when the notice of the sale contained no information as to what hour of the day the sale would be held, on the ground that the statute did not explicitly require it to be stated. *Coleman* v. *Anderson*, 13 Mass. R., 118. Our statute does not specifically require the officer to state the hour of the day that the sale shall begin. Yet it would cause a much greater hardship to parties interested to omit to do so, than can result in this case from the accidental mistake which all see through at a glance.

I wish to say one word in excuse for the officer in changing the notices, and in making the return to conform to the notices, as if they were correct exactly in the first instance.

He had accidentally erred in an effort to do exactly and correctly his duty. He was uncertain as to the effect of it upon the rights of the creditor, and he deemed it more just to all concerned, that his sale should be completed, after he discovered the mistake, and submit to the decision of the

Thayer *v.* Roberts.

court what the effect of his mistake was. For this reason he has in no particular attempted to disguise any fact, or called upon the plaintiff to prove them, but has frankly admitted them from the beginning.

If the court shall be of the opinion that the notice sufficiently explained itself to justify him in making the return, and that consequently the return is substantial according to the fact, no one is injured.

APPLETON, J. It appears that one Gerrish, a deputy of the defendant, having seized an equity of redemption as the property of one Snell, on an execution in favor of the Waterville Bank, against him, proceeded to post up notifications of the *time* and place of sale, in the town where the land lies, and in the adjoining towns. In these notifications the *tim* of sale was stated to be on Saturday, the 24th day of June, when it should have been the 23d of June, the 24th being Sunday. Having ascertained his mistake, the deputy canceled the same, eight days before the time appointed, by erasing 24th and inserting instead thereof 23d. On Saturday he proceeded to sell the equity. According to his return of his doings, the notifications stated the time of sale to be on the 23d of June.

The plaintiffs, having a subsequent attachment upon the real estate of Snell, on which they obtained judgment and sued out execution, have brought this action to recover damages for the false return of the officer, in falsely stating that he had posted up notifications stating the sale to be on the 23d of June, when in truth it was notified to be on the 24th of June.

The return, as made, discloses no error or mistake, and conveys the equity of redemption to the purchaser. If the officer, in his return, had stated the sale to have been on Saturday, the 24th of June, that day being Sunday, or if he had therein truly set forth his original mistake and its subsequent correction, and the time when made, it would have disclosed a failure to comply with the requirements of the

Thayer *v.* Roberts.

R. S., ch. 94, s. 37. In either event the sale would have been invalid. In *Willman* v. *Lawrence*, 15 Mass. R., 326, the sale was advertised to be on Friday, the 17th, when Friday was, in fact, the 16th. In reference to this mistake the court say, "The mistake made in advertising the sale is sufficient to render it void. There is the utmost necessity of precision in transactions of this nature. Those who might be disposed to attend the sale as bidders, would be deterred by observing such a blunder. The canceled notice on the day of sale did not leave sufficient time for general information."

The return of the officer being false, and being so far conclusive that the title of the equity passed to the purchaser at the sheriff's sale, the plaintiffs could not take it on their execution. They have, consequently, a right of action against the defendant, for the false return of his deputy. The measure of damages is the value of the property which they would have been enabled to apply in satisfaction of their execution. This is shown by the sale on the execution in favor of the Waterville Bank, and that amount does not seem to be disputed as correct. For that amount a default must be entered, after deducting therefrom the expenses of the sale. *Whitaker* v. *Sumner*, 7 Pick. R., 555; *Whitaker* v. *Sumner*, 9 Pick. R., 308.

                                        *Defendants defaulted.*