ANDREW TOOLE, Respondent, *v.* JAMES TOOLE et al., DAVID
        M. KOEHLER, Purchaser, Appellant.

A purchaser at a judicial sale will not be compelled to take a doubtful
    title, and where irregularities or defects exist in the proceedings which
    require further or other proceedings to cure them, and so prevent a per-
    formance of the contract of sale by the vendors at the time fixed by the
    terms of sale, the objection of the purchaser, based upon the existence
    of these defects should not be overruled, but the court should relieve
    him from his contract instead of ordering a further continuance and
    holding him bound to performance after the expiration of the time fixed
    and pending proceedings to perfect title.
Upon a motion by K., a purchaser at a partition sale, to be relieved from
    his purchase, it appeared that H. died intestate, seized of the lands in
    question. Certain non-resident aliens, who were of the same blood and
    kinship with the deceased, and who, if citizens, would have been
    entitled to a share in the lands were not made parties to the suit. The
    application was denied. On appeal the General Term referred the
    question of the alienage of the persons not made parties to the action to
    a referee, for additional facts, and upon the coming in of his report
    affirmed the order appealed from. *Held*, error; that the purchaser
    should have been relieved from his purchase; that the judgment did not
    sufficiently or conclusively, as against the heirs not made parties, estab-
    lish their incapacity to have or acquire an interest, and instead of order-
    ing a further continuance to take proof upon this question, the court
    should have relieved the purchaser from his purchase.

(Argued January 15, 1889; decided January 29, 1889.)

APPEAL from order of the General Term of the Supreme
Court in the first judicial department, made at the May Term,
1888, which confirmed the report of a referee and affirmed
an order of Special Term denying a motion by appellant to be
relieved from his purchase at a sale in partition, and also
appeal from order of said General Term, made January 23,
1888, upon the first hearing of the appeal from said Special
Term order, by which a referee was appointed to take proof
as to alieanage of certain persons the appellant claimed should
have been made parties to this action.

This action was brought for a partition of the real estate of
Mary Ann Hanley, who died intestate.

David M. Koehler, the purchaser of the premises at the partition sale, moved at Special Term to be relieved from his purchase, on the ground that certain persons, who were non-resident aliens and heirs-at-law of said Mary Ann Hanley, should have been made parties defendant. The motion was denied by the Special Term, and on appeal to the General Term an order made appointing a referee to take "proof upon the question of the alienage of any persons not made defendant herein, who are alleged to be aliens and not entitled to any share in the lands described in the complaint herein, and to report such proof with his opinion thereon" to said General Term. Upon the coming in of said report it was confirmed and the order appealed from affirmed.

*Benno Loewy* for appellant. The alleged alien heirs-at-law of Mary Ann Hanley were necessary parties to this action for the purpose of barring them of any claim they might have upon the premises in suit. (3 Wash. on Real Prop. [3d ed.] 47; *People* v. *Cutting*, 3 Johns. 1; *Jackson* v. *Adams*, 7 Wend. 368; *Bradley* v. *Dwight*, 62 How. 300; *Wright* v. *Saddler*, 20 N. Y. 320; *Fleming* v. *Burnham*, 100 id. 1; *Jordan* v. *Poillon*, 77 id. 518; *Schriver* v. *Schriver*, 86 id. 584; *Hellriegel* v. *Manning*, 97 id. 56; *Slade* v. *Joseph*, 5 Daly, 187; *People* v. *O. B., etc., Co.*, 92 N. Y. 98, 104.) The General Term having determined that on July 1, 1887, the title to the premises in suit was not free from doubt, that is to say, was not marketable, the purchaser should have been relieved from his purchase. The order of reference made January 23, 1888, was unauthorized, or at least should have directed an inquiry whether the purchaser had already sustained or would sustain damage by the delay. (*People* v. *O. B. S. B. B. Co.*, 92 N. Y. 98, 104; *Rice* v. *Barrett*, 99 id. 403, 406.) There is such a doubt upon the point as to whether an alien heir-at-law may take and hold real estate by descent as should have induced the respondent to join the alleged alien heirs-at-law of Mary Ann Hanley, as parties to this

action, in order to obtain a decision as to their right in the premises, which would be binding upon them. (Laws 1875, chap. 38, amending Laws 1874, chap. 261, amending Laws 1845, chap. 115 ; *Hall* v. *Hall*, 81 N. Y. 130 ; *Goodrich* v. *Russell*, 42 id. 177 ; *Luhrs* v. *Eimer*, 80 id. 171 ; Code Civil Pro. §§ 1542, 1543.) Under the statute laws of this state an alien may acquire title to lands sufficient for the purpose of making a valid conveyance, irrespective of the question of his actual residence or citizenship. (3 R. S. [7th ed.] 2164, §§ 15, 16 ; *Wright* v. *Saddler*, 20 N. Y. 320.)

*Lewis Johnston* for respondent. As Mary Ann Hanley, the intestate, did not "purchase and take " a conveyance of the lands in question, the case is not within the statute of 1845 (Chap. 115), as amended, and there is no other statute which can be construed to relieve the aliens from their disability, the lands in question must be held to have descended to the children of Andrew Toole, who are parties to the action. (*Goodrich* v. *Russell*, 42 N. Y. 177, 182 ; *Ettenheimer* v. *Heffernan*, 66 Barb. 374 ; *Hall* v. *Hall*, 81 N. Y. 130, 136.)

GRAY, J. It is well settled by the decisions that a purchaser at a judicial sale should not be compelled by the courts to accept a doubtful title. Where irregularities or defects exist in the proceedings, which require further or other proceedings in order to cure them, the objection of an intending purchaser, based upon their existence, should not be overruled and his contract of purchase be directed to be completed. His contract called for a good title, and if it was bad or doubtful, he should, on his application, be relieved from completing the purchase. In these partition proceedings the absence of parties was shown, who were of the same blood and kinship with the heirs-at-law of Mary Hanley, deceased, whose estate was the subject of partition. If they were incapacitated by reason of alienage from having an interest in the property to be partitioned or sold, that was a fact possible of being conclusively established, by bringing them into the proceeding

and trying out the question of their alienage by due process of law. A judgment obtained as the result of such an action would set at rest forever any existing or possible claims. The proceeding is one *in rem ;* the subject being the partition of the real estate, or the distribution of the proceeds of the sale.

The General Term concede, in their opinion, that the purchaser, at the judicial sale in question, was not offered a title free from doubt, and that concession seems fatal to their order, by which he is directed to complete his purchase. We agree with that court, that the proof in the record of the partition proceedings, which discloses the existence of other persons not made parties to the action, who might have an interest, did not sufficiently or conclusively, as against them, establish the incapacity of those persons, as aliens, to have or acquire such an interest.

The court should have granted the application of the appellant to be relieved from his contract ; instead of ordering a further continuance of the proceedings in the action, by a reference to take proof as to the capacity or incapacity of the absent parties to take and hold the real estate by reason of their alleged alienage. The burden of establishing the fact of alienage and of incapacity was upon the plaintiff in partition, and not upon the purchaser. He had the right to assume that the decree, and sale thereunder, conferred not merely a good legal title, but a title not open to further question or reasonable dispute by other persons, who stood in the same degree of kinship to the deceased. By the terms of his contract, he was entitled to a deed on a day fixed, and he was then ready to perform. That he was right in his objection to the title at that time the General Term acknowledged, and, that being the case, they should not have changed his contract, and hold him to be bound to performance indefinitely, or pending further proceedings to perfect title. The sale was in June, 1887, and the deed should have been delivered in July. In January, following, the General Term ordered the further continuance of the proceedings before a referee, and then, in the following May or June, after a delay of nearly a year, ordered the

purchaser to complete his purchase. There is an absence of any proof as to any damage occasioned by the delay, and it is unnecessary, if not improper, to indulge in presumptions as to the existence of any. We rest our decision upon the ground that, for reasons we have given, the title offered was not one free from doubt, and was fairly open to the objection made.

The orders of the General and Special Terms should be reversed, and Koehler, this appellant, be relieved from his purchase and repaid his deposit upon the sale, with interest thereon from July 3, 1887, and all his proper and reasonable expenses in examining the title, with costs herein at Special and General Terms and in this court.

All concur.

Ordered accordingly.