DETROIT TRUST CO. *v.* LAWRENCE.

BRISLEY *v.* AMERICAN SYNDICATE CORPORATION.

RECEIVERS—VALIDITY OF APPOINTMENT OF RECEIVER MAY NOT BE COLLATERALLY ATTACKED.

In a suit by the receiver of a corporation to recover from stockholders the several amounts of unpaid subscriptions to the capital stock of the corporation, the validity of the order appointing the receiver, from which no appeal was taken, may not be collaterally attacked, and that defendants were not parties to the original suit does not meet the situation.[1]

Appeal from Wayne; Mandell (Henry A.), J. Submitted April 6, 1926. (Docket No. 18.) Decided June 7, 1926.

---

[1]Corporations, 14a C. J. § 3230.
Appointment of receiver for dissolved corporation, see note in L. R. A. 1917D, 1035.

Bill by the Detroit Trust Company, receiver of the American Syndicate Corporation, against Grace E. Lawrence and others for an accounting and to compel the payment of stock subscriptions. From a decree for plaintiff, defendants appeal. Affirmed.

*Fixel & Fixel* (*Henry B. Graves*, of counsel), for plaintiff.

*William E. Kirby* (*Roy Herald*, of counsel), for defendants.

SNOW, J. Facts necessary for an understanding of the question here involved are as follows: The American Syndicate Corporation was organized under the laws of Michigan on March 5, 1919, with an authorized capital stock of $100,000, consisting of 1,000 shares of common stock of the par value of $100 each. The defendant James E. Lawrence subscribed for $25,000 of said stock, his aunt, Lottie J. Kitchen, $5,000, his sister, Harriett L. Wren, $5,000, his sister, Grace E. Lawrence, $5,000, his partner Joseph P. McCormick, $10,000, and Duncan MacDonald, $10,000, making a total of $60,000. Only $3,000 of this amount was ever paid on said stock subscriptions.

The general purpose and plan of the corporation was to sell to home purchasers contracts in units of $100 and up, who in turn were to pay $5 down and $5 per month, and this money, as it was accumulated, was to be used in the building of houses for the members. The corporation began business, and in course of time some 4,800 people had subscribed upwards of $1,322,000, and the cash received was put into house building.

March 2, 1923, one Charles W. Brisley, a client of said corporation and a judgment creditor in the sum of, to wit, $500, filed his bill of complaint against it in the circuit court for the county of Wayne, in

chancery, reciting this fact, together with the mismanagement and insolvency of the corporation, and prayed for the appointment of a receiver to take charge of its property, and that he might have an accounting and a lien on the assets of the corporation, and that its affairs might be liquidated by the court through said receivership.

March 9, 1923, the circuit judge denied the petition for receivership without prejudice, for the reason that the defendant, after the filing of the bill of complaint above referred to, paid into court the amount of the judgment and costs.

Edward F. New, another client and creditor of the corporation, filed a petition in said cause, asking for leave to intervene therein, whereupon a motion was made by the company to dismiss the entire cause of action.     By an order of the court the leave to intervene was granted, the motion to dismiss was denied, and the Detroit Trust Company was appointed receiver.     The petition of New was allowed to stand as additional matter by way of bill of complaint, and he (New) was to be considered as party plaintiff in the cause.     The Trust Company thereupon qualified as receiver, took over and operated the business of the corporation, and still continues to do so.

In January, 1924, it filed its bill of complaint in this cause against the defendants to recover from them the several amounts of unpaid subscriptions to the capital stock of the corporation, and the trial court decreed that plaintiff recover against the defendants MacDonald, McCormick and Lawrence the sum of $57,000. The bill was dismissed as to the remainder of the defendants, it appearing that in January, 1920, they had duly assigned their stock to defendant Lawrence.

From this decree defendants appeal, and make claim that the trust company is not legally receiver, as it was appointed after the original judgment creditor

Brisley had been paid the amount of his claim, and after it had been accepted by the attorneys for the plaintiff; that there was no action then pending, and that all claims and doings of the receiver have been without right or legal authority. The merit of such claims is the sole question raised by the record.

Upon the filing of the judgment creditor's bill by Mr. Brisley, the court was possessed of authority to appoint a receiver. The American Syndicate Corporation was a party to that suit. The defendants here constituted the American Syndicate Corporation, and knew of all the proceedings. The corporation resisted the application of Mr. New to intervene in the case after the original plaintiff had been paid his claim. The court permitted the intervention. From this order there was no appeal. The corporation also moved to dismiss the case. Its motion was denied. From that order it took no appeal. Over its objection a receiver was appointed, from which order no appeal was taken.

Failing to appeal from the various orders made in the original suit, whereby the dismissal of the case was denied, the intervention of New was permitted, and a receiver appointed, all of which things are now complained of, can these proceedings be collaterally attacked in an entirely separate and different case, instituted by the receiver to recover unpaid subscriptions from the stockholders of the corporation?

The question has been determined adversely to appellants' contention in *Grand Rapids Trust Co.* v. *Carpenter*, 229 Mich. 491. Quoting from this case—

"Defendant in the court below and here seeks to again try out the issues involved in the original suit. We cannot in this case collaterally attack and review the discretion exercised in the original suit in appointing a receiver."

In this case, too, the inherent powers of the courts

of chancery to appoint receivers are again recognized, and it is held that, such power being inherent, inquiry whether it was prudently exercised could not be made in a collateral proceeding. This is decisive of the instant case in all respects. The original suit was not ended by the payment to plaintiff Brisley of the amount of his claim, as New was properly permitted by order of the court to intervene in his stead. All orders of the court have been regular and legal. From none of them was an appeal taken. That the defendants here, as individuals, were not parties to the original suit does not meet the situation. Neither was Carpenter, defendant in *Grand Rapids Trust Co.* v. *Carpenter, supra,* a defendant in the original action in which the receiver was appointed.

The decree of the trial court is affirmed in all respects, with costs to plaintiff.

BIRD, C. J., and SHARPE, STEERE, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.