GILBERT S. RAYMOND, RECEIVER, *vs.* GEORGE H. GILMAN ET AL.

Second Judicial District, Norwich, April Term, 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, JS.

606

Argued April 29th—decided July 9th, 1930.

*George H. Gilman,* for the appellants (defendants).

*Edmund W. Perkins,* for the appellee (plaintiff).

HINMAN, J.   The appellants claim that the appointment of Raymond as permanent receiver is void, because of a deficiency in notice given of the hearing on the appointment.   In this State the power to appoint receivers of corporations, both with and without capital stock, is expressly vested in the Superior Court by statute (§ 3443, as amended by § 3 of Chapter 151 of the Public Acts of 1919).   The details of procedure in making appointments, both temporary and per-

manent, are prescribed by rule—§§ 50, 51, Rules of Superior Court. Practice Book, pp. 252, 253. Section 51 provides that "all appointments of receivers shall be temporary appointments, unless made by the court after the return day of the action, and upon full notice and opportunity to be heard to all concerned." Succeeding provisions clearly contemplate that the court shall order notice of hearing on the appointment of a permanent receiver to all parties concerned "by causing a written or printed notice thereof to be mailed, postpaid, to all known creditors and to all stockholders of record . . . at least six days before such hearing," also "by public advertisement if it seem advisable." It appears that such notice was not ordered or given, as to this hearing, in the present case.

The finding shows that the receivership action was returnable on the first Tuesday of March (March 5th) 1929. Service was made on the defendant Society, which duly appeared by its attorneys, who, on March 6th, filed an answer admitting the allegations of the complaint. No move was made for the appointment of a temporary receiver, but a motion was filed, on March 4th, for the appointment of a permanent receiver and appraisers and for an order authorizing the receiver to sell the assets of the corporation. The fact that the motion was filed a day before the return day is of no moment. Hearing on this motion was claimed for and held at the short calendar session on March 8th, and the requested orders were granted.

No question is made as to the sufficiency of the grounds set forth in the complaint and admitted by the defendant corporation, to warrant the appointment of a receiver. The court had jurisdiction of the necessary parties to the suit—the plaintiff, a life member of the Society, and the defendant, the Society itself—and of the subject-matter of the controversy—the

property of the corporation. Its judgment appointing the receiver therefore was not void or a nullity for lack of jurisdiction, and is not open to collateral attack. 1 Clark on Receivers (2d Ed.) § 305; High on Receivers (4th Ed.) § 39a; *Vallery* v. *Denver & R. G. R. Co.,* 236 Fed. 176, 178; *Harned* v. *Beacon Hill Real Estate Co.,* 9 Del. Ch. 232, 80 Atl. 805; *Detroit Trust Co.* v. *Lawrence,* 235 Mich. 136, 209 N. W. 61. The effect of the omission to give notice to known creditors and to the life members of the Society was, at most, to render the appointment vulnerable to seasonable direct attack by such creditors or members. The same judgment which appointed the receiver ordered notice of limitation of claims by advertisement and by mail to each known creditor on or before March 31st, 1929, and notice of hearing on the motion to confirm the sale, May 17th, 1929, was mailed to the creditors and life members. No objection was made to the confirmation of the sale, nor does it appear that anyone, except the defendants in the present action, has questioned the regularity of the appointment of the receiver. A party entitled to notice of an application for the appointment of a receiver—even of his own property—may waive such notice by failure to interpose a timely objection thereto. *Cogswell* v. *Second National Bank,* 76 Conn. 252, 56 Atl. 574; *Nutter* v. *Brown,* 58 W. Va. 237, 52 S. E. 88, 6 Ann. Cas. 94, 1 L. R. A. (N. S.) 1083; 23 R. C. L. p. 40. It follows that the only persons who could have been prejudiced by the omission complained of have waived any right to attack the validity of the appointment even were they disposed to do so, and the record discloses no such inclination on their part.

The defendants, as the successful bidders, became, from the time they entered into the contract of purchase, parties to the proceedings. *Rice* v. *Ahlman,* 70

Wash. 12, 126 Pac. 66; 1 Clark on Receivers (2d Ed.)
§ 489a. As such they had the right to interpose ob-
jections to the confirmation of the sale. The order of
confirmation, being final in its nature, as to the partic-
ular parties and matters affected by it, could have been
appealed from by them. *Barber* v. *International Co.,*
74 Conn. 652, 657, 51 Atl. 857; *Links* v. *Connecticut
River Banking Co.,* 66 Conn. 277, 283, 33 Atl. 1033.
They took no such appeal, but on June 10th, 1929,
filed a motion to vacate the order, on what grounds it
does not appear. This, after hearing, was denied, but
no appeal was taken or attempted. We conclude that
the validity of the title to the real estate in question
is not impaired by the deficiency in notice of hearing
on the appointment of the receiver.

On March 8th, 1929, the receiver was ordered to sell
the assets of the corporation, including both real and
personal estate, as a whole, at public auction, on May
1st, 1929, the premises to be sold free and clear of all
mortgages, except one to Charles D. Greenman, trustee,
for $25,000, and was directed to advertise the sale by
publishing a notice thereof containing a description of
the real estate and personal property in a designated
daily newspaper, not less than six times commencing
on March 15th, 1929. The first advertisement, pub-
lished March 15th, mentioned and described the real es-
tate only, stated that the property would be sold sub-
ject to the Greenman mortgage which the purchaser
must assume, and that the sale would be held Monday,
May 1st, 1929. That date fell on Wednesday, instead
of Monday.

On April 12th, 1929, upon motion of the receiver, the
court modified the order directing the sale of the real
and personal property as a whole, so as to permit the
receiver to sell the personal property at such time or
times and in such manner as he saw fit, at public or

private sale, and as a whole or in parcels. An advertisement of the auction sale of described personal property on Wednesday, May 1st, 1929, at eleven a. m. and of the real estate on the same day at two p. m. was published on April 17th, 20th, 23d, 25th, and 27th. This, also, stated that the purchaser must assume the Greenman mortgage. At the sale, before the bidding, it was announced that the real estate would be sold subject to the mortgage; purchasers were not required to assume it.

The defendants contend that the sale of the real estate is void because of claimed variances between the judgment ordering it and the advertisements published, and the sale as made. Most of these criticisms depend upon the fallacious claim that the modification, April 12th, of the judgment of March 8th was invalid and ineffective. Adjudications of this nature must, in reason and of necessity, be subject to such later amendments and modifications, by the court having control of the receivership proceedings, as changing conditions, new developments, or other exigencies may require for the best interests of the estate. "A judgment appointing a receiver never terminates a cause. It remains the duty of the court to supervise and direct his conduct as receiver, and to make whatever orders may be necessary from time to time." *Barber* v. *International Co.*, 74 Conn. 652, 657, 51 Atl. 857. An order (of sale) such as that under consideration, particularly, is ambulatory in its nature and not strictly amenable to the restrictions upon the opening and amendment of final judgments lately considered in *In re Application of Title & Guaranty Co.*, 109 Conn. 45, 145 Atl. 151.

The inadvertent misstatement, in the first publication of advertisement of the sale, of the day of the week upon which the prescribed date fell does not

invalidate the sale. The ambiguity was obvious and easily resolved. Notices giving the day and date correctly were published five times during two weeks before the sale, negativing any probability that anyone could have been misled or confused by the original error, and differentiating this case from those in which mistake or ambiguity as to time continued uncorrected, or was corrected too late to leave sufficient time for general information, as in *Wellman* v. *Lawrence*, 15 Mass. 326. Nor is there any suggestion of an inadequacy of purchase price which might be ascribed to defective notice, as in *Thacker* v. *Tracy*, 8 Mo. App. 315. Cases enforcing strict compliance with formalities prescribed by statute are not applicable.

The sale as actually made—subject to the Greenman mortgage, but without requiring the purchasers to expressly assume it—was in accordance with the order of sale. The finding shows that no intending bidders present at the sale could have been misled by the statement in the advertisement that assumption would be required, and there is no suggestion in the record that it served to deter bidders, depreciate the value of the property, or prevent its bringing a fair price. The sale was not rendered void thereby. *Mowry* v. *Sanborn*, 68 N. Y. 153; *Gray* v. *Shaw*, 14 Mo. 341; *Chandler* v. *Cook*, 2 McArthur (9 D. C.) 176; 16 R. C. L. p. 56; 75 Am. Dec. 704, note.

While we have indulged in discussion of the several objections raised by the appellants, the effect of the judgment confirming the sale, being final and unappealed from, is ample, of itself, to dispose of these contentions. "A judicial sale is one made as a result of judicial proceedings by a person legally appointed by the court for the purpose. ... The court is the vendor, and the person appointed to make the sale is the mere agent of the court. The sale is not absolute until con-

firmed. The order of confirmation gives the judicial sanction of the court, and when made it relates back to the time of the sale and cures all defects and irregularities except those founded in want of jurisdiction or fraud. The court has power to confirm the sale, although the terms of the decree may not have been strictly followed. The matter of confirmation rests peculiarly upon the sound discretion of the court, to be judicially exercised in view of all the surrounding facts and circumstances, and in the interest of fairness, justice, and the legal rights of the respective parties." *Nevada Nickel Syndicate* v. *National Nickel Co.*, 103 Fed. 391, 395; 35 Corpus Juris, Judicial Sales, § 73, and cases cited. "It is the general rule in the United States that the confirmation of a judicial sale by a court of competent jurisdiction cures all irregularities in the procedure leading up to or in the conduct of the sale, and that while such a sale will be set aside where fraud, mistake, or surprise is shown, mere irregularities in the preliminary proceedings do not render the sale invalid, and will not suffice to set it aside after confirmation." *Heid* v. *Ebner*, 133 Fed. 156, 158; 1 Clark on Receivers (2d Ed.) § 491 (a).

The rule of *caveat emptor* is generally applicable to judicial sales including sales by receivers. 1 Clark on Receivers (2d Ed.) § 490 (a); 35 Corpus Juris, p. 75. When relaxation of this rule is granted, in that a bona fide purchaser is held entitled to a marketable title free from reasonable doubt, it is on the theory that the purchaser bids on the assumption that there are no undisclosed defects. *Toole* v. *Toole*, 112 N. Y. 333, 19 N. E. 682, 2 L. R. A. 465; *Peoples Bank* v. *Bramlett*, 58 S. C. 477, 484, 36 S. E. 912; 35 Corpus Juris, p. 75. We have accorded the appellants the benefit of such relaxation, to the extent of consideration and decision of the several questions raised which might affect mar-

ketability, notwithstanding the inference, which seems fair, that they made their successful bid with knowledge of the facts as to most if not all of the matters of which they now complain.

While the curative effect of application of the legal principles above referred to avails to absolve the title to the real estate in question from harmful infirmities due to the specified defects in the proceedings, this case forcibly suggests and emphasizes the desirability, indeed necessity, in receivership actions, of extreme care and caution, by counsel, courts and their officers, in the performance of their respective duties, in order that the requirements of the law, rules, and court orders be so fully and strictly complied with as to "stand the test of the closest scrutiny, and be invulnerable to any after objections to their legality in form or substance. . . . There is but one perfectly safe road to travel in order to avoid difficulty. The path marked out by the law should be strictly followed. When it is departed from there is always more or less danger. It is true that there are many mere irregularities . . . that are not of sufficient degree to vitiate the proceedings; but if they exist they furnish a foundation for future litigation and expense, which might readily, by ordinary care, have been guarded against, to say nothing of the extra trouble to the courts." *Nevada Nickel Syndicate* v. *National Nickel Co.*, 103 Fed. 391, 394.

There is no error.

In this opinion the other judges concurred.