[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The instant proceeding is an administrative appeal brought by Salvatore Lima (hereafter the "appellant") against the Zoning Board of Appeals of the Town of New Fairfield thereafter the "respondent") which denied his application for a variance to construct a single family dwelling on a .226 acre piece or parcel of land located at 10 Hopewell Drive, New Fairfield (hereafter the "parcel").
The appellant purchased and continues to own the parcel which is located in a R-44 zoning district on May 17, 1990. An R-44 zoning district declares that the minimum lot area is one acre; the minimum front yard and side setbacks are forty (40) feet and twenty (20) feet, respectively. Prior to the enactment of the zoning regulations, the parcel was improved with a single family dwelling which was constructed in 1940. The parcel was thereafter occupied by the previous owner Daniel Dugay until 1968, at which time Mr. Dugay moved from New Fairfield and the parcel remained unoccupied.
On July 19, 1990, the appellant was informed by letter that the dwelling, due to its unsafe condition, must be torn down within forty-five 45 days. That deadline letter also recited that the Board of Selectmen would consider an extension of the time limited in this order if and only if he presented a septic design approved by the Town Sanitarian and CT Page 1537 plans to correct all structural deficiencies in the building. The appellant thereupon consulted a licensed architect who advised him that the existing dwelling was beyond repair and should be reconstructed. Prior to demolishing the house on October 10, 1990, Lima applied for a variance to rebuild the house in its pre-existing footprint. The application for a variance was withdrawn, however, in November, 1990, after Lima was informed by the Town Attorney that he should apply for a zoning permit rather than a variance.
In the interim, the appellant attempted to obtain the approval of a new septic system for the parcel. His efforts to obtain such approval were unsuccessful because, due to the size of the lot, the septic system and well could not be constructed at least 75 feet apart, as required by the State Health Code. Despite this requirement, the Department of Health Services (hereafter the "DHS"), on October 16, 1991, in correspondence with the Town Sanitarian, indicated that if Lima was forced to completely remove/destroy the home and if the ZBA and other local agencies would allow home reconstruction exactly as it existed prior to demolition, then repair of the sewage disposal system would be considered a hardship and after the building was reconstructed a well exception could be granted.
The Sanitarian's response recited that the DHS would grant the well exception if the Zoning Board of Appeals permitted the reconstruction of the dwelling exactly as it existed prior to demolition. This meant that the dwelling could be reduced in width which would take away from the adjoining property line to the north, however, the home could not be shifted any further to the south.
On December 6, 1991, the appellant applied for a zoning permit pursuant to Sec. 2.3 of the Zoning Regulations. The application was denied by the Zoning Enforcement Officer. On January 6, 1992, Lima applied for "all variances necessary to reconstruct the pre-existing residence." Public hearings were then held on January 30, 1992, February 27, 1992, and March 26, 1992. At the close of the hearings on March 26, the commission denied Lima's variance application without stating a reason for the denial. He then commenced the instant appeal.
The appellant's primary responsibility in an CT Page 1538 administrative appeal is to establish aggrievement which is a jurisdictional question and a prerequisite to maintaining an appeal. Winchester Woods Associates v. Planning Zoning Commission, 219 Conn. 303, 307. "To be an aggrieved person, one must be affected directly or in relation to a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest such as is the concern of all members of the community, and the appellant must be specially and injuriously affected as to property or other legal rights." Smith v. Planning Zoning Board, 203 Conn. 317, 321. An owner of the subject property is aggrieved and entitled to bringing an appeal. Winchester Woods Associates v. Planning Zoning Commission, supra, 308; Bossert Corporation v. Norwalk, 157 Conn. 279, 285. In the present case, the appellant is the owner of the subject property and was the owner of the property when the respondent denied his application for a variance. The court therefore finds aggrievement.
The function of the trial court is to examine the record to determine if the commission's denial of the variance is reasonably supported by the record and is a relevant basis on which to act on the application. Chevron Oil Co. v. Zoning Board of Appeals, 170 Conn. 146, 152-53; DeMaria v. Planning Zoning Commission, 159 Conn. 534, 540. If the board fails to give reasons for its actions, or if its reasons are inadequate, the trial court must search the record to determine whether a basis exists for the action taken. A.P. W. Holding Corporation v. Planning Zoning Board, 167 Conn. 182, 186. If the record does not support the board's denial of the variance, then the court is warranted in concluding that the action of the board was arbitrary, illegal or an abuse of its discretion. Chevron Oil Co. v. Zoning Board of Appeals, supra. However, courts do not substitute their own judgment for that of the board; and decisions of local boards will not be disturbed so long as honest judgment has been reasonably and fairly exercised after a full hearing. "The burden of proof to demonstrate that the board acted improperly is upon the plaintiffs." Young v. Town Planning Zoning Commission, 151 Conn. 235,245; Horvath v. Zoning Board of Appeals, 163 Conn. 609; Whittaker v. Zoning Board of Appeals, 179 Conn. 650, 654.
The respondent has asserted various justifications for the denial of the variance application in its memorandum of CT Page 1539 law. However, when it originally denied the application, there were no reasons set forth for that denial. Consequently, as stated, the court must search the record to determine whether the board's actions were arbitrary, illegal and an abuse of discretion. A.P.W. Holding Corporation v. Planning Zoning Board, supra; Chevron Oil Co. v. Zoning Board of Appeals, supra.
In its memorandum of law, the respondent argues that: (1) the appellant does not have a vested right to use the property as a single-family residence because that use was abandoned by the prior owner; (2) the appellant is not suffering hardship peculiar to his property; and (3) the hardship, if any, does not arise out of the application of the zoning regulations to the property. In the appellant's memorandum of law, he argues that the board arbitrarily and illegally denied the variance application because: (1) the variance will not affect the Town's comprehensive plan; and (2) he suffers from unusual hardship due to special conditions uniquely affecting the plaintiff's property.
"`A property owner may legally engage in a prohibited use under either of two dispensations. He may obtain a variance, or his use may qualify as a nonconformity.'" Darien v. Webb, 115 Conn. 581, 585; Adolphson v. Zoning Board of Appeals, 205 Conn. 703, 710, 535 A.2d 799 (1988). "`A variance is authority granted to the owner to use his property in a manner forbidden by the zoning regulations . . . . The power of the board to grant a variance should be used only where a situation falls fully within the specified requirements . . . . Thus, the power to grant a variance should be sparingly exercised.'" Allen v. Zoning Board of Appeals, 155 Conn. 506, 510 ; Kaeser v. Zoning Board of Appeals, 218 Conn. 438, 445, 589 A.2d 1229 (1991).
"Under General Statutes, Sec. 8-6(3), the board may grant a variance provided (1) the variance is shown not to affect substantially the comprehensive zoning plan, and (2) adherence to the strict letter of the zoning regulation is shown to cause unusual hardship unnecessary to the carrying out of the general purpose of the zoning plan." Adolphson v. Zoning Board of Appeals, supra, 709. Section 5.1 of the New Fairfield Zoning Regulations authorizes the respondent to determine and vary the application of these zoning regulations in harmony with their general purpose and intent, CT Page 1540 and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to the conditions specifically affecting such parcel but not affecting generally the district in which it is situated, a literal enforcement of such zoning regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured, provided that the zoning regulations may specify the extent to which uses shall not be permitted by variance in districts in which such a use are not otherwise allowed. (Emphasis supplied.) According to Sec. 1.0 of the Regulations, the general purpose of the Regulations is "promoting the public health, safety and general welfare of the Town of New Fairfield."
"`The comprehensive plan is to be found in the scheme of the zoning regulations themselves.'" Adolphson v. Zoning Board of Appeals, supra, 713; Whittaker v. Zoning Board of Appeals, supra, 656. If the use to be allowed by the variance is consistent with other uses in the area, the first part of the variance test is met, such as where houses in the area of the applicant's parcel were built on lots which were of the same size or smaller and similar setbacks. Eagan v. Zoning Board of Appeals, 20 Conn. App. 561, 564. In the present case, the appellant's desire to reconstruct a single family dwelling on a parcel that is in a R-44 zone is consistent with such district as permits single family dwellings. The record reflects that structures in the neighborhood are single family residences, and that some of those residences do not comply with the setback requirements. This court cannot say that the variance would substantially affect the comprehensive zoning plan.
"`The hardship which justifies a board of zoning appeals in granting a variance must be one that originates in the zoning ordinance . . . and arises directly out of the application of the ordinance to circumstances or conditions beyond the control of the party involved.'" Whittaker v. Zoning Board of Appeals, supra; Kaeser v. Zoning Board of Appeals, supra, 445. "`Where the claimed hardship arises from the applicant's voluntary act, however, a zoning board lacks the power to grant a variance.'" Id. In addition, "`[i]t is well settled that the hardship must be different in kind from that generally affecting properties in the same CT Page 1541 zoning district, and must arise from circumstances or conditions beyond the control of the property owner.'" Smith v. Zoning Board of Appeals, 174 Conn. 323, 326; Pollard v. Zoning Board of Appeals, 186 Conn. 32, 39.
There are several circumstances or conditions surrounding the appellant's property that are beyond his control that are unique and that create an exceptional difficulty or an unusual hardship. First, the property is nonconforming. A nonconformity is defined as a use or structure prohibited by the zoning regulations but permitted because of its existence at the time that the regulations are adopted. Adolphson v. Zoning Board of Appeals, supra. In order to be considered a nonconforming use, the use must be: (1) lawful, and (2) in existence at the time the zoning regulations making the use nonconforming were enacted. Cummings v. Tripp, 204 Conn. 67, 91-92; Helicopter Associates, Inc. v. Stamford, 201 Conn. 700, 712.
This parcel originally improved with a single family dwelling at the time the regulations were enacted was nonconforming as to its use because property located in a R-44 zone, as is this property, can only be improved with a single family dwelling if the property is one acre in size. "[T]he rule concerning the continuance of a nonconforming use protects the `right' of a user to continue the same use of the property as it existed before the date of the adoption of zoning regulations." Beckish v. Planning Zoning Commission, 162 Conn. 11, 16; Helbig v. Zoning Commission,185 Conn. 294, 306, 440 A.2d 940 (1981). An existing nonconformity is a vested right which adheres to the land. A purchaser who takes the property knowing that the regulations are inconsistent with the existing use does not forfeit this right. Adolphson v. Zoning Board of Appeals, supra, 712. In order to qualify as an "existing use," the premises must be utilized in such a manner as to be known in the neighborhood as used for a given purpose. Cummings v. Tripp, supra; Helicopter Associates, Inc. v. Stamford, supra, 713. For a use to be "known in the neighborhood," not only must the premises have been adapted for a given purpose, but the premises must also have been employed within that purpose. In addition, the use must be actual and not merely contemplated. Helicopter Associates, Inc. v. Stamford, supra, 713. CT Page 1542
This parcel has been utilized as a single family residence, and that user is known and recognized in that neighborhood. It is also significant to note that the property was used as such prior to the enactment of the Zoning Regulations. Although the property was not occupied for approximately twenty (20) years, in order to establish abandonment, the owner of the use must intend to permanently relinquish the use. The mere discontinuance without the intent to abandon it is insufficient. Magnano v. Zoning Board of Appeals, 188 Conn. 225, 228. Even if there is a regulation making the mere nonuse for a specified period a cessation of the nonconformity, "[s]uch regulations shall not provide for the termination of any nonconforming use solely as a result of nonuse for a specified period of time without regard to the intent of the property owner to maintain that use." General Statutes, Sec. 8-2. Despite the fact of nonoccupancy for that twenty (20) year term, the previous owner submitted an affidavit attesting that (1) he lived in the house until 1968 when he moved away from New Fairfield; (2) he made efforts to maintain the property until the late 1970's, at which time he was unable to maintain the property due to repeated vandalism; and (3) he never intended to abandon the property. This court cannot, therefore, find that the use the property as a single family residence was abandoned by the previous owner. The appellant has a vested right to use the .226 acre parcel as a single family residence.
The property was also nonconforming as to the front and side setbacks. However, on October, 10, 1990, the residence was demolished. "[N]onconforming uses should be abolished or reduced to conformity as quickly as the fair interest of the parties will permit — `[in] no case should they be allowed to increase.'" Adolphson v. Zoning Board of Appeals, supra, 710. "`The accepted method of accomplishing the ultimate object is that, while the alien use is permitted to continue until some change is made or contemplated, thereupon, so far as expedient, advantage is taken of this fact to compel a lessening or suppression of the nonconformity.'" Darien v. Webb, supra; Lathrup v. Norwich, 111 Conn. 615, 623; Adolphson v. Zoning Board of Appeals, supra, 710. In addition, according to Sec. 2.4.3 of the Zoning Regulations "[a]ny nonconforming use of building or structure which lawfully existed as of the effective date of these regulations or any amendment thereto may be continued CT Page 1543 provided that . . . (b) such nonconforming use or structure shall not be structurally altered, reconstructed or enlarged unless such alterations or expansion conform to all applicable requirements and also conforms with the use requirements, or such alterations are required by law and provided that maintenance and repair work required to keep the structure in sound condition shall be permitted." (Emphasis supplied.) When the appellant demolished the building, it became possible for the proposed house, which is a two bedroom dwelling approximately 20 feet wide by 40 feet long, to be situated on the lot in conformance with the setback requirements. As a result, he has lost the vested right to reconstruct the proposed building in violation of the setback requirements. Consequently, he can only construct the proposed residence in violation of the setback requirement if the respondent should have varied the setback regulation.
While the court is satisfied that the appellant has a vested right to use to property as single family residence, he is unable to build a residence in compliance with the setback requirements. Due to the parcel's size, if the residence were to be built in compliance with the setback requirements, the appellant would be unable to comply with the 75 foot well and septic requirement. In an attempt to comply with the Health Code, he, without success, exhausted the options for alternate placements of the well and septic. This, in turn, generated the "agreement" between the Department of Health and the Town Sanitarian to grant an exception to the 75 foot requirement if the proposed building is constructed in the same location (the "footprint") as the pre-existing dwelling. "Where . . . the hardship arises as the result of a voluntary act by one other than the one whom the variance will benefit, the board may, in the sound exercise of its liberal discretion, grant the variance." M. R. Enterprises, Inc. v. Zoning Board of Appeals,155 Conn. 280, 282; Belknap v. Zoning Board of Appeals, 155 Conn. 380,384.
Our courts have recognized the creation of a hardship by a municipal and state agency in Whittaker, where the town planning and zoning commission created a hardship by approving a subdivision upon the condition that a road be built through the subdivision, thereby making a lot nonconforming as to size; and in Smith v. Zoning Board of CT Page 1544 Appeals, 174 Conn. 323 where a state authority created a hardship by condemning a portion of a lot, thereby making the lot nonconforming as to size. In the present case, third parties, the State Department of Health and the Town Sanitarian, are requiring that the proposed residence be built in the same location as the original structure before the appellant can use the property as a single-family dwelling, a use for which he has a vested right. This court, therefore, chooses to accept the reasoning in Whittaker, i.e., we see no practical difference, where hardship is concerned, between taking a parcel of land by the state or municipality, and a planning commission's binding decision to approve a subdivision plan only upon a particular layout of streets. A person choosing to subdivide land is no less restricted in his use of that land by the commission's action than a property owner is by the action of the condemning authority; the hardship imposed upon him due to the restricted use is no less real. The appellant, in choosing to exercise the right to use his property as a single-family residence, is no less restricted in the use of his land by the actions of the Department of Health and the Town Sanitarian than the appellants in Whittaker and Smith were by the actions of the planning commission and the condemning authority.
It is also interesting and helpful to note the testimony of the appellant's engineer who indicated that:
 "To answer your question if it is a vacant lot it is an unbuildable lot, and that is as clear as I can be as far as state health code meeting today's regulations. That is why everything falls on the existing footprint, the previous footprint of the house . . . the repair scenario on the septic and the existing well . . . variance and all that."
An ordinance which permanently restricts the use of the property for any reasonable purpose goes beyond permissible regulations and amounts to a taking. In determining whether a zoning regulation is unreasonable and confiscatory as to a piece of property, the court must consider the facts and circumstances of each case, examining the diminution in the value of the land, the nature and degree of harm to be prevented, and alternatives available to the landowner. Chevron Oil Co. v. Zoning Board of Appeals, supra, 151. CT Page 1545 According to the appraisal report, the land, if usable, is valued at $30,000.00, if improved is valued at $124,000.00, and if unusable, has no value. "Financial considerations are relevant only in those exceptional situations where a board could reasonably find that the application of the regulations to the property greatly decreases or practically destroys its value for any of the uses to which it could reasonably be put and where the regulation, as applied, bears so little relationship to the purposes of zoning that, as to particular premises, the regulation has confiscatory or arbitrary effect." Dolan v. Zoning Board of Appeals, 156 Conn. 426,431; Berlani v. Zoning Board of Appeals, 160 Conn. 166, 171.
The application of the regulations to the property greatly decreases or practically destroys its value for any of the uses to which it could be put. It necessarily follows that the application of the setback requirements amounts to a practical confiscation, as applied to the appellant's property to which he has a vested right to a single-family residence user.
The record herein simply does not support the board's denial of the application for a variance. The record does not support a conclusion that the variance substantially affects the comprehensive zoning plan; and it does not support a conclusion that the appellant lacked the requisite exceptional difficulty of unusual hardship due to the existence of circumstance and conditions beyond his control, including his vested right to use the property as a single-family residence, the State Department of Health's and the Town Sanitarian's requirement that the proposed structure he built in the same location (the footprint) as the previous structure, and the board's practical confiscation of the property if the setback requirements are strictly applied to the parcel.
The court therefore finds, in accordance with the foregoing, that the respondent's actions were illegal, arbitrary, and an abuse of discretion. The appeal is sustained.
Moraghan, J. CT Page 1546