## SAWYER *v.* HENTZ.

### Opinion delivered February 25, 1905.

JUDICIAL SALE—APPOINTMENT OF COMMISSIONER IN VACATION.—It is too late, after a sale by a commissioner in chancery has been made and confirmed, to object that the commissioner was appointed in vacation.

Appeal from Chicot Chancery Court.

MARCUS L. HAWKINS, Chancellor.

Affirmed.·

#### STATEMENT BY THE COURT.

On the 25th day of September, 1901, the chancery court of Chicot County rendered a judgment against Wiley F. Sawyer in

favor of Henry Hentz for over four thousand dollars, and declared the same to be a lien on certain lands of the defendant in that county. The decree directed that, in the event that the judgment was not paid on or before the 1st day of January, 1902, Robt. W. Reynolds, as standing commissioner of the court, "proceed to advertise and sell the lands as directed in the decree."

Reynolds afterwards resigned his position as master and commissioner of the Chicot Chancery Court, and the chancellor, on the 8th day of November, 1901, made an order in vacation appointing William Kirten as master and commissioner of the Chicot Chancery Court, instead of Robt. Reynolds, who had resigned.

On the 25th day of February, 1902, Kirten, as commissioner, proceeded to sell the land under the decree, he acting instead of Reynolds. On June 30 the chancery court of Chicot County reaffirmed and ratified the appointment of Kirten as master and commissioner made in vacation, and ratified and confirmed all his acts theretofore performed as such.

On August 25 Kirten filed his report of the sale of the land made by him. The record shows that no exceptions were filed to the report, but the same was passed until the adjourned term, to enable the defendant to redeem the land. The land was not redeemed, and on the 13th day of September the report of sale was confirmed. The decree then recites that "thereupon comes the plaintiff, by his attorney, W. G. Streett, and files with the court exceptions to the confirmation of said report," which is by the court overruled, and plaintiff prays an appeal to the Supreme Court, which is granted.

*W. G. Streett* and *N. B. Scott,* for appellants.

The appointment of William Kirten in vacation was a nullity, and he had no power to make the sale. Sand. & H. Dig. § § 572, 573; 66 Ark. 367; 2 Wall. 609; 11 Fed. 273.

*E. A. Bolton* and *Baldy Vinson,* for appellees.

The record before the chancellor is not before the court. 38 Ark. 444; 35 Ark. 225; 36 Ark. 484; 69 Ark. 23. No objection was made to the sale until after confirmation; this was too late. 9 Ala. 297; 22 Kan. 243; 70 Am. Dec. 579; 17 Am. & Eng. Enc. 993; 122 Mo. 181; 107 Mo. 371; 102 Mo. 77; 15 Ohio St. 548; 29 *Id.* 651; 17 Am. & Eng. Enc. 993. The

court has a right to appoint whomsoever it pleases.   17 Am. & Eng. Enc. 953; 53 Ark. 110; 32 Ark. 291; 20 Ark. 652; 8 How. 495.   The confirmation of the sale cured all defects.   145 U. S. 349; 68 Ill. 58; 41 Mo. 288; 43 Mo. 329; 57 Mo. 276; 92 Mo. 192; 19 How. 69.

   Riddick, J., (after stating the facts.)   The only question involved in this appeal is whether the fact that the commissioner who made the sale of the lands in question was appointed in vacation renders the sale void, or was such a gross irregularity as demands that the sale should be set aside and a new sale ordered.   The record, when taken all together, shows that there was no exception to this sale by Kirten until after the sale had been confirmed; but at the same term, and immediately upon the confirmation of the sale, the appellant did appear and file exceptions on the ground that Kirten had no authority to make the sale, and for that reason they asked that the sale should be set aside.   But it is not alleged that appellant suffered any injury from such irregularity, and we are of the opinion that it was too late to make objections thereto after the sale had been confirmed, even if we concede that the chancellor had no authority to make the appointment in vacation.   *Link* v. *Connell*, 48 Neb. 574; *Dickinson* v. *Dickey*, 14 Hun, 617; *Core* v. *Strickler*, 24 W. Va. 689.

   The order confirming sale is therefore affirmed.