(July 15, 1912.)

In the Matter of the Receivership of GREAT WESTERN BEET SUGAR COMPANY. O. E. CANNON, Receiver, Respondent, v. HENRY HEWITT, Jr., a Lienholder, Appellant.

[125 Pac. 799.]

RECEIVER—IRREGULARITIES IN JUDICIAL SALE—DISCRETION OF THE COURT —RIGHTS OF WOULD-BE PURCHASER.

(Syllabus by the reporter.)

1. Where a public sale has been made by a receiver, in compliance with an order of the court, of property in his hands as such receiver, under notices requiring a cash payment on the day of the sale, and

a bid is made within the terms of the sale, but the intending purchaser is unable to secure sufficient funds immediately with which to make such cash payment, it is a reasonable exercise of discretion on the part of the district judge to extend the time within which such payment shall be made, where no injury is done to anyone by failure of the purchaser to pay at once the sum due on his bid.

2. A trial judge in equity proceedings, exercising authority over a sale of property in the hands of a receiver appointed by such court, has discretionary power to modify all orders affecting such sale, by subsequent orders.

3. At a public sale of property by a receiver, the mere failure of a successful bidder to immediately make the payment on his bid required by the terms of the sale, does not destroy the right of the receiver to demand or accept such payment later, where the rights of others are not injuriously affected by such delay.

4. In order to justify setting aside a judicial sale on behalf of one attacking it on the ground of alleged irregularities in the conduct of such sale, the person attacking such sale should allege and establish injury to himself resulting from the irregularities complained of.

5. One who has acquiesced in an irregularity in the conduct of a judicial sale at the time thereof, and does not show affirmatively that he has been injured thereby, should not afterward be heard to question its validity on the ground of such irregularity.

APPEAL from the District Court of the Fourth Judicial District for Elmore County. Hon. Edward A. Walters, Judge.

Action for confirmation of receiver's sale. Lienholder appeals from order of the trial court affirming such sale. *Affirmed.*

J. B. Eldridge and Chas. F. Reddoch, for Appellant.

The order of the court required a public sale, and no deviation from the terms of a decree is more obnoxious to objection than selling at private sale when the order directs a public sale. (*South Baltimore Brick & Tile Co. v. Kirby,* 89 Md. 52, 42 Atl. 913.)

The receiver had no authority or power in the matter other than to sell to the highest bidder who paid twenty-five per cent down on the day of sale. The attempt to make a sale

to a man who paid down nothing is wholly void. (*Ackerman v. Ackerman,* 50 Neb. 54, 69 N. W. 388; *Zantzinger v. Pole,* 1 Dall. (U. S.) 419, 1 L. ed. 204; *Porter v. Graves,* 104 U. S. 171, 26 L. ed. 691; *Camden v. Mayhew,* 129 U. S. 73, 9 Sup. Ct. 246, 32 L. ed. 608; *Walker v. McLoud,* 204 U. S. 299, 27 Sup. Ct. 293, 51 L. ed. 495.)

The pretended sale by the receiver was not a sale at public auction as directed by the order, but in fact was simply a private sale, and is therefore void. (*Hutchinson v. Cassidy,* 46 Mo. 431; *Fambro v. Gantt,* 12 Ala. 298; *Neal v. Pattern,* 40 Ga. 363.) .

Judicial sales must be made in accordance with the terms of the decree ordering and directing the sale. (*Morrison v. Lincoln Savings Bank,* 1 Neb. (Unof.) 449, 96 N. W. 230; *Nebraska Loan & Trust Co. v. Hamer,* 40 Neb. 281, 85 N. W. 695; *Patterson v. Patterson,* 207 Pa. 252, 56 Atl. 442; *Mason v. Hubner,* 104 Md. 534, 65 Atl. 367; *Musgrave v. Parrish* (Ky.), 12 S. W. 709; *Cofer v. Miller,* 7 Bush (Ky.), 545; *Bethel v. Bethel,* 6 Bush (Ky.), 65, 99 Am. Dec. 655.)

The court had no authority after the sale to modify any of its terms, or extend to the purchaser any consideration whatever, other than to require that he comply with the terms of his bid. (*Ohio L. Ins. Co. v. Goodin,* 10 Ohio St. 557; *Green v. State Bank,* 9 Neb. 165, 2 N. W. 228; *Benz v. Hines & Tarr,* 3 Kan. 390, 89 Am. Dec. 594; *Kinnear & Willis v. Lee & Reynolds,* 28 Md. 488; *Fitch & Co. v. Minshall,* 15 Neb. 328, 18 N. W. 80.)

The record on its face shows collusion between the receiver and the purchaser, and should be set aside. (*Dilley v. Jasper Lumber Co.,* 103 Tex. 22, 122 S. W. 255.)

Sullivan & Sullivan and R. Garland Draper, for Respondent.

The court can modify or change terms of sale or confirm unauthorized changes by receiver, and is vested with control of and wide discretion in judicial sales. (*Fid. Ins. Trust & Safe Dep. Co. v. Roanoke Iron Co.,* 84 Fed. 752; Freeman, Void Jud. Sales, pp. 88, 89; *Tobin v. Portland Mills,* 42 Or.

117, 68 Pac. 750; *Rochat v. Gee*, 137 Cal. 497, 70 Pac. 479; *Pewabic Min. Co. v. Mason*, 145 U. S. 349, 12 Sup. Ct. 887, 36 L. ed. 732; *Magann v. Segal*, 92 Fed. 257, 34 C. C. A. 323; 24 Cyc. 26; *Fowler v. Krutz*, 54 Kan. 622, 38 Pac. 809.)

Even though there have been irregularities, if a court can give a good title and it is to the interest of the parties to confirm the sale, it will be confirmed, and the purchaser compelled to complete his purchase.   (24 Cyc. 34; *Swan v. Newman*, 3 Head (Tenn.), 288.)

To justify the interference of the court, there must be fraud, mistake, or some accident by which the rights of the parties have been affected.   (2 Beach's Mod. Eq. Prac., sec. 821, citing many cases.)

A judicial sale will not be set aside for irregularities or errors not prejudicial to the party complaining.   (*Miller v. Lanham*, 35 Neb. 886, 53 N. W. 1010; 17 Am. & Eng. Ency. Law, 999; *Meeker v. Evans*, 25 Ill. 322; *Bean v. Meguiar*, 20 Ky. L. R. 885, 47 S. W. 771; *McKnight v. Jacob*, 5 Ky. L. R. 176; *Wrightson v. Kline*, 5 Ky. L. R. 57; *Stryker v. Storm*, 1 Abb. Pr., N. S. (N. Y.), 424.)

The person attacking the sale must be able to show injury resulting to him therefrom.   (17 Am. & Eng. Ency. Law, 995, 996; *Gilmer v. Nicholson*, 21 La. Ann. 589; *Stockton v. Downey*, 6 La. Ann. 581; *Brackman v. Allison*, 1 Ky. L. R. 278; *Godchaux v. Morris*, 121 Fed. 485, 57 C. C. A. 434.)

One who has acquiesced in an irregularity in the conduct of the sale cannot afterward question its validity on the ground of such irregularity.   (*Sawyer v. Hentz*, 74 Ark. 324, 85 S. W. 775; 24 Cyc. 38; *Maquoketa v. Willey*, 35 Iowa, 323; *In re Sheets Lbr. Co.*, 52 La. Ann. 1337, 27 So. 809; *Hartshorne v. Reader*, 3 Ohio Dec. 109; *Atcheson v. Hutchison*, 51 Tex. 223.)

DAVIS, District Judge.—On October 29, 1909, O. E. Cannon was appointed receiver of the assets of the Great Western Beet Sugar Company by the district court of the fourth judicial district, and on November 10, 1911, the judge of said court authorized such receiver to sell all the property

of said company in order to pay its debts. The receiver thereupon fixed December 15, 1911, as the date of such sale, and gave due notice thereof, but on December 1, 1911, Henry H. Hewitt, Jr., the holder of a lien against said property and appellant herein, obtained a writ of prohibition from this court restraining said receiver and the judge of the district court from · proceeding further under said order pending a hearing of said matter and decision relative thereto by this court, and said sale was thereupon postponed until December 28, 1911. Prior to said date this court quashed said writ and refused to further prohibit said sale. But at the request of R. G. Smith, an attorney for appellant herein, for time within which to investigate said matter and to endeavor to induce others to join him in a compromise settlement of the claims against said company, the date of said sale was deferred and was reset for January 5, 1912. No settlement being made by the interested parties, an auction sale of said property was held on said date, and a considerable number of people appeared, two of whom submitted bids in excess of the minimum amount of $56,546.79, fixed by the court as the lowest sum that could be accepted. L. G. Bradley, an agent of Hewitt, was present at said sale, but declined to bid on said property, and the bid of Harry Watkins for $56,547.79, being the highest bid offered, was accepted by the receiver, and the property was struck off to him. . But when he was called upon on that day to pay the twenty-five per cent cash required to be paid at the time of the sale by the terms of the order issued by said court authorizing said sale, Watkins was unable to make the payment, and asked for a little 'time within which to secure the money. The receiver thereupon consulted the judge of the district court, who directed said receiver to allow Watkins a couple of days within which to pay the $14,136.95 then due.

Thereafter said L. G. Bradley resumed negotiations with the attorney for the receiver and others for a compromise settlement of the claims against said company, and in order to afford an opportunity for Watkins to raise said money, either through a compromise settlement with Hewitt and

other claimants, or otherwise, the judge of the district court directed that payment thereof be not required by the receiver until further orders of the court. Hewitt and the others interested in the negotiations were still unable to agree upon a settlement, and Watkins procured the necessary money from James H. Brady and made the payment of twenty-five per cent of his bid of January 23, 1912, and was given a certificate of sale for said property. The receiver thereupon filed his return and prayed for an order confirming said sale, and a day was set for a hearing thereon. The appellant herein thereafter filed a motion to set aside the proceedings of the receiver in the matter of said sale and prayed that another sale be ordered.

The district court overruled appellant's objections to the confirmation of said sale, and made an order on February 10, 1912, approving and confirming the same and granting Watkins further time within which to make the additional payment of $42,410.87, and about a month later the final payment of the full purchase price was made.

The appeal herein is prosecuted by Hewitt to determine the validity of the order of the trial court in overruling his objections to said proceeding and confirming the sale of said property.

The principal question raised is as to whether or not the district judge had authority or right to authorize the receiver to grant further time to the purchaser at such sale within which the twenty-five per cent cash payment should be made, although the notices of sale stated such amount should be paid on the date of sale.

Unquestionably it is the duty of a receiver to make any sale, authorized by the district court, exactly according to the terms of the order authorizing such sale, and he should promptly collect any cash payment required. In equity proceedings a district judge has a wide discretion in exercising authority necessary to protect all interests, and where a sale has been made under notices requiring a cash payment on the date of the sale, and a bid is made within the terms of the sale, and the intending purchaser is unable to secure suffi-

cient funds immediately with which to make such cash payment, it is a reasonable exercise of discretion on the part of a district judge to extend the time within which such payment shall be made, where no injury is done to anyone by failure of the purchaser to pay at once the sum due on his bid.

The law appears to be well established that a trial judge in equity proceedings, exercising authority over a sale of property in the control of the court, has discretionary power to modify all orders affecting such sale, by subsequent orders. (*Fid. Ins. Trust & Safe Dep. Co. v. Roanoke Iron Co.,* 84 Fed. 752; *Mining Co. v. Mason,* 145 U. S. 349, 12 Sup. Ct. 887, 36 L. ed. 732; *Magann v. Segal,* 92 Fed. 257, 34 C. C. A. 323; 24 Cyc. 26, 34; *Fowler v. Krutz,* 54 Kan. 622, 38 Pac. 809; *Godchaux v. Morris,* 121 Fed. 482, 57 C. C. A. 434.)

Freeman on Void Judicial Sales, at pages 88 and 89, says: "It is sometimes said that a sale made under a decree must pursue the directions therein contained, that a departure from these directions renders the sale void. But to invoke this rule the departure must be of a very material character, and must, we think, be a departure which has not been approved by a decree of confirmation entered in the court which ordered and had supervision of the sale. In truth, a court is not absolutely bound by the terms of its order or decree respecting the mode of sale. It may, though the sale is directed by it, refuse confirmation if it appears that the mode was one calculated, under the circumstances, to result in a sacrifice of the property, that such result has been realized, and that a new sale in a different mode may be more equitable. If the court has power to direct the terms of the sale in the first instance it may change them afterward, and if an officer or other agent of the law, or of the court in making a sale, departs from the directions of the decree, the court may, nevertheless, by confirming the sale, ratify his action, provided always that the terms so ratified are such as the court had power to impose in the first instance."

It does not necessarily follow that the modification of the conditions required by the order authorizing a sale made by the court issuing such order, after the sale was made, results

in converting such sale into a private sale, where such change consists simply in extending the time of payment. Where all requirements are complied with prior to the sale, the purchaser at such sale is bound on his bid and the seller can be compelled to deliver the property, and in case the bidder cannot readily perform his legal obligation or is unwilling to do so, the seller has a legal right to proceed against him. And the mere failure of the bidder to immediately make the payment necessary on his bid does not destroy the right of the seller to require or accept such payment later, especially where the rights of others are not injuriously affected by such delay.

In this case the appellant makes no showing of any nature whatever as to any injury resulting to him by the delay in the collection of the amount due on the bid made by Watkins, nor does he make any claim that a larger sum could be secured for the property sold should a resale be ordered. And while it is argued that the sale was for an inadequate consideration, there is nothing in the record to substantiate that contention. In order to justify setting aside a sale on behalf of a person attacking it, he should allege and establish injury to himself resulting from the irregularities complained of. (17 Am. & Eng. Ency. of Law, 995.)

Under these conditions it is purely a legal question as to whether or not the district judge had the authority to make the order extending the time of payment, since if he had any discretion whatever in the matter, in the absence of a showing that he improperly exercised such discretion, his order should be sustained.

The appellant in this case caused two extensions of time prior to sale, and was represented by an agent at the place of sale on the date thereof, and was acquainted with all the facts connected therewith. By negotiating through an agent for the purchase of the title secured by Watkins, having full knowledge of his failure to make the cash payment required at the time, and knowing of the extension granted to Watkins by the court, the appellant may reasonably be said to have acquiesced in the conditions of which he is now com-

plaining. And one who has acquiesced in an irregularity in the conduct of a sale where he cannot show affirmatively that he has been injured thereby should not afterward be heard to question its validity on the grounds of such irregularity. (*Sawyer v. Hantz*, 74 Ark. 324, 85 S. W. 775; 24 Cyc. 38; *Maquoketa v. Willey*, 35 Iowa, 323; *In re Sheets Lum. Co.*, 52 La. Ann. 1337, 27 So. 809; *Hartshorne v. Reeder*, 3 Ohio Dec. (Reprint) 109; *Atcheson v. Hutchison*, 51 Tex. 223; *Blanks v. Farmers' Loan & Trust Co.*, 122 Fed. 849, 59 C. C. A. 59.)

The law and the equity of the case seems to be, therefore, as determined by the district court, and the judgment of the lower court is *affirmed*, with costs to respondent.

Stewart, C. J., concurs.

Sullivan, J., sat at the hearing, but took no part in the decision.