CITICORP MORTGAGE, INC. *v.* FELIX BURGOS, JR., ET AL.
(14717)

PETERS, C. J., CALLAHAN, BORDEN, BERDON and NORCOTT, Js.

Argued April 29—decision released August 10, 1993

*Richard S. Scalo,* with whom were *Stephen E. Reck* and, on the brief, *Abraham I. Gordon* and *Ronald D. Japha,* for the appellant (defendant Investors Mortgage Company, Inc.).

*Beth S. Becker,* with whom was *Anne R. Hoyt,* for the appellee (plaintiff).

BERDON, J. The defendant Investors Mortgage Company, Inc. (Investors), appeals from the trial court's denial of its motion to set aside a confirmed foreclosure sale and for the return of its deposit. The principal issue in this case is whether a purchaser at a foreclosure sale may be released from its obligation to purchase and have its deposit returned after the sale has been confirmed by the court because the closing, which was scheduled to take place within thirty days of confirmation, was substantially delayed.

The following facts are undisputed. On October 25, 1985, the named defendant, Felix Burgos, Jr. (Burgos), and the defendant Luz Burgos,[1] executed a promissory note in favor of the plaintiff Citicorp Person-to-Person Financial Center of Connecticut, Inc., now known as Citicorp Mortgage, Inc., in the amount of $65,000. The

---

[1] In addition to the named defendant, the Investors Mortgage Company, Inc., Sikorsky Federal Credit Union, Iris Gomez, Carmen Portillo and Luz Burgos are also defendants in this case.

note was secured by a mortgage on property located in Bridgeport. Investors held a second mortgage on the property in the amount of $20,000.

On August 13, 1990, the plaintiff obtained a judgment of strict foreclosure. On September 3, 1991, Investors filed a motion for foreclosure by sale. The trial court granted the motion and scheduled the sale for November 16, 1991. After successfully bidding the sum of $101,500 at the sale, Investors deposited the sum of $14,000 with the committee appointed by the trial court to conduct the sale. Various documents, including the notice of judgment of foreclosure by sale, the notice to bidders, and the bond for deed executed by the committee and Investors on the sale date, provided that the closing was to take place within thirty days from the court's approval of the sale. The court approved the bond for deed and confirmed the sale on December 5, 1991, but the closing did not follow within thirty days because Burgos had, in the meantime, appealed the trial court's decision to the Appellate Court, resulting in an automatic stay.[2] See Practice Book § 4046. On February 25, 1992, the trial court granted the plaintiff's motion, filed on behalf of the committee, to terminate the stay to allow the closing to take place. Burgos subsequently filed in the Appellate Court a motion for review of the trial court's order terminating the automatic stay.

On March 9, 1992, ninety-five days after the approval of the sale and sixty-five days after the thirty day closing deadline, the closing still had not taken place and Investors moved to set aside the sale and for the return of its deposit. On March 26, the Appellate Court dismissed as moot both Burgos' appeal and his motion for review of the trial court's order terminating the auto-

---

[2] Prior to his appeal of the trial court's December 5, 1991 ruling, Burgos filed numerous appeals challenging a variety of rulings not germane to the present appeal.

matic stay. It was not until April 20, 1992, 137 days after the approval of the sale and twenty-six days after the Appellate Court dismissed Burgos' appeal, that Investors received notice from the committee that it was prepared to close.

The trial court subsequently heard and denied Investors' motion to set aside the sale and for the return of its deposit on May 4, 1992. Investors then filed a motion for articulation and a motion for reargument. On June 22, 1992, after hearing both parties, the trial court reaffirmed its denial of the motion to set aside the sale and for return of deposit, articulating its reasons in open court. The trial court noted that Investors was a sophisticated bidder, familiar with Burgos, and therefore knew or should have known that delays in the closing were possible. Consequently, the trial court concluded that Investors must go forward with the sale. The court ordered, however, that if it did not go forward, it would not be required to forfeit its entire deposit of $14,000, but only the difference, if any, between the original sale and a new sale, if one was required. Investors appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c).

Relying on principles of equity and fairness, Investors argues that it was improper for the trial court to refuse to set aside the sale and return its deposit. Investors argues that it had relied on representations by the court and the committee that the closing would take place within thirty days of the court's approval of the sale and submits that it has been prejudiced by the delay because certain investors who were going to finance the purchase withdrew when the closing did not occur within a reasonable period of time.

"It is well established that a foreclosure action constitutes an equitable proceeding." *Harbour Landing Development Corporation* v. *Herman,* 27 Conn. App. 98, 101, 603 A.2d 779 (1992). "In an equitable proceeding, the trial court may examine all relevant factors to ensure that complete justice is done. . . . The determination of what equity requires in a particular case, the balancing of the equities, is a matter for the discretion of the trial court." (Citations omitted; internal quotation marks omitted.) Id., 101–102; see also *Banca Commerciale Italiana Trust Co.* v. *Westchester Artistic Works,* 109 Conn. 23, 26, 145 A. 20 (1929); *Mariners Savings Banks* v. *Duca,* 98 Conn. 147, 152, 118 A. 820 (1922). Although we make every reasonable presumption in favor of the trial court's action in determining whether the trial court abused its discretion, " '[s]uch discretion . . . should be exercised in conformity with the spirit of the law and should not impede or defeat the ends of substantial justice.' " *Red Rooster Construction Co.* v. *River Associates, Inc.,* 224 Conn. 563, 575, 620 A.2d 118 (1993); see also *Society for Savings* v. *Stramaglia,* 225 Conn. 105, 109–114, 621 A.2d 1317 (1993).

" 'A judicial sale is one made as a result of judicial proceedings by a [committee of sale] legally appointed by the court for [that] purpose. . . . The court is the vendor, and the [committee] appointed to make the sale is the mere agent of the court. . . .' " *Raymond* v. *Gilman,* 111 Conn. 605, 613–14, 151 A. 248 (1930). Only after a sale has been confirmed and ratified by the court does it become complete. *Hartford Federal Savings & Loan Assn.* v. *Tucker,* 13 Conn. App. 239, 247, 536 A.2d 962, cert. denied, 207 Conn. 805, 540 A.2d 373 (1988). Following confirmation of the sale, a judicial sale generally will not be set aside in the absence of fraud, mistake or surprise. "The rule of caveat emptor is generally applicable to judicial sales . . . . When relax-

ation of this rule is granted . . . it is on the theory that the purchaser bids on the assumption that there are no undisclosed defects." (Citations omitted.) *Raymond* v. *Gilman,* supra, 614. In the event of default by the purchaser, several alternatives are open to the trial court. The court may discharge the sale and order a resale; it may confirm the sale and order the purchaser to complete payment; or it may confirm the sale and order a resale, holding the purchaser liable for any deficiency arising out of the resale. *Mariners Savings Banks* v. *Duca,* supra, 155–56.

Although the procedural mechanisms for setting aside a sale are established, their application has been infrequent in Connecticut. In *Willimantic Savings & Loan Assn.* v. *Boudreau,* Appellate Session of the Superior Court, No. 655 (February 2, 1979) 5 C.L.T. No. 7, p. 11, the court noted that "[w]hen a court order respecting the conduct of a judicial sale is not complied with the court should scrutinize the transaction very carefully to assure itself that the sale has been conducted fairly and impartially and, if any irregularity has occurred, that no interested party has been injured by it. If any likelihood of injury is shown it would be an abuse of discretion for the trial court to approve the sale." The court declined to set aside the sale, however, because the purchaser had failed to demonstrate "injury to himself resulting from the irregularity complained of. *In re Receivership of Great Western Beet Sugar Co.,* [22 Idaho 328, 334, 125 P. 799 (1912).]" Id. Similarly, in *Raymond* v. *Gilman,* supra, 614–15, this court recognized its power to set aside a sale after confirmation if equitable principles so demanded, but declined to do so after considering the particular facts of the case. In *Raymond,* the purchaser sought to set aside the sale after it had been confirmed because the court had appointed a permanent receiver without first ordering "full notice and opportunity to be heard to

all concerned," as required by Practice Book § 51, now Practice Book § 487. The purchaser also claimed that the sale was void because of variances between the judgment ordering the sale and the advertisements publishing the sale. This court upheld the trial court's refusal to set aside the sale on the grounds that the defendants had not objected to the confirmation of the sale and because none of the "intending bidders" present at the sale could have been misled by the advertisement. *Raymond* v. *Gilman,* supra, 611, 613.

Applying the same equitable principles outlined in Connecticut cases, the New York Court of Appeals held that a four month delay in furnishing good title was sufficient ground to relieve the purchaser at a judicial sale from being required to take title. *Batchelar* v. *Batchelar,* 244 N.Y. 274, 277, 155 N.E. 123 (1927). Similarly, the Indiana Court of Appeals held that the trial court had not abused its discretion in setting aside a sheriff's sale when the evidence indicated "confusion as to the scope and extent of the mortgage assignment." *Smith* v. *Federal Land Bank of Louisville,* 472 N.E.2d 1298, 1303 (Ind. Ct. App. 1985).

Our determination of whether the trial court abused its discretion must begin with a review of the particular facts and circumstances of this case. The parties agree that the closing was scheduled to take place within thirty days of the court's confirmation of the sale on December 5, 1991. The plaintiff claims that the committee was unable to proceed with the closing because Burgos had filed an appeal of the trial court's ruling thereby resulting in an automatic stay. Moreover, the plaintiff contends that Investors cannot legitimately claim any prejudice from the delay in closing because it was aware of the possibility that Burgos might appeal the ruling and delay the proceedings. As Investors notes, however, the record indicates that it did not receive notice that the committee was ready

to close until April 20, 1992—107 days beyond the thirty day deadline and twenty-six days beyond the Appellate Court's dismissal of Burgos' appeal. By that time, Investors had already filed a motion to set aside the sale and for return of its deposit and the committee had received notice of its inability to proceed with the sale. In this case, unlike the case of the bidder in *Willimantic Savings & Loan Assn.* v. *Boudreau,* supra, Investors has shown prejudice because the individuals who had been willing to finance the project withdrew their support as a result of the committee's delay.

Although this court is generally reluctant to set aside a judicial sale after it has been confirmed, we conclude that in view of the specific facts and equities of this case, the trial court abused its broad discretion by refusing to set aside the sale and order the return of the deposit. Investors bid on the property and deposited $14,000 in the good faith belief that the court and the committee would honor the agreement to close as scheduled. Although Investors was ready to proceed with the closing as scheduled, the committee took no action to close, despite the Appellate Court's dismissal of Burgos' appeal. "A committee of sale functions as an arm of the court in a judicial sale. The committee conducting a sale is an agent or representative of the court." *Hartford Federal Savings & Loan Assn.* v. *Tucker,* supra, 252. As an agent of the court, the committee was obligated to fulfill the specific conditions of the sale to the best of its ability. The committee's failure to close even after the Appellate Court had dismissed Burgos' appeal unjustly prejudiced Investors. Potential investors withdrew from the project because of the committee's failure to close, leaving Investors to absorb the full loss of the $14,000 deposit.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other justices concurred.