[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION FOR ORDER RE: DETERMINATION OF BURDENOF LOSS SHORT CALENDAR, OCTOBER 21, 1996
The facts are undisputed. This is a foreclosure action brought on October 13, 1994. FGB Realty Advisors holds the first mortgage on the premises, and Forty-Seven holds the second and third mortgages. On April 1, 1996, the court, Hickey, J., ordered sales of each party's interest, which was conducted on April 6, 1996. Dianne Sheehan Brennan was the successful bidder at FGB's sale. She signed a contract to purchase the premises and placed a deposit with the committee. On April 29, 1996, the court, Hickey, CT Page 621 J., confirmed the sale and entered an order of possession in favor of the buyer. At some time after the auction and before or after the sale was confirmed by the court, but before closing, the former owner of the equity and the defendant, Niceno Mastrobuono, damaged the property. Judge Hickey granted the buyer's request to withhold $10,000 in escrow pending a resolution on which party was to bear the burden of the loss of value. Thereafter the closing was held.
As an initial matter, "[b]ecause a mortgage foreclosure is an equitable proceeding, the trial court may consider all relevant circumstances to ensure that complete justice is done . . . the determination of what equity requires in a particular case, the balancing of the equities, is a matter for the discretion of the trial court." Independence One Mortgage Corporation v. Katsaros,43 Conn. App. 71, 75-76, ___ A.2d ___ (1996).
The court is the vendor/seller of the property, and the committee acts as the court's agent. Citicorp Mortgage. INc. v.Burgos, 227 Conn. 116, 121, 629 A.2d 410 (1993). The buyer has equitable title at the time of the sale. Francini v. Town ofFarmington, 557 F. Sup. 151 (D. Conn. 1982); 47 Am.Jur.2d, Judicial Sales § 159 (1995). After confirmation the buyer is the owner of the property. 47 Am.Jur.2d, supra, § 160.
Both parties cite the same authority to support their positions. The case of Anderson v. Yaworski, 120 Conn. 390,181 A. 205 (1935) set forth the principles of risk of loss in real estate contracts. In Anderson, the court recognized that most jurisdictions put the risk of loss on the vendee where a contract is made to convey real estate upon which a building stands and the building is destroyed after the contract but before the closing. The court declined to follow the majority view, however, and held, "if by reason of the destruction or injury to the buildings upon real estate agreed to be conveyed between the time of the making of the contract and the time fixed for performance, it is no longer possible for the vendor substantially to perform the contract, the vendee may treat it as discharged." Id., 400.
This decision is not wholly on point with the facts of this case, however, because the purchaser does not seek to avoid the sale, but merely to adjust the purchase price.
The plaintiff also cites a footnote in a dissenting opinion in New England Savings Bank v. Lopez, 227 Conn. 270, 295 n. 7, CT Page 622630 A.2d 1010 (1993)(Katz, J., dissenting) where the court stated, "[g]enerally, only a few people participate in the bidding process because few people can afford the risks associated with such auctions, including but not limited to forfeiture of the deposit and assumption of the risk of damage to property."
The Superior Court case most on point factually is Savingsand Loan Association of Southington, Inc. v. Henderson, Superior Court, Judicial District of Hartford/New Britain at New Britain, Docket No. 0405684 (August 25, 1983, Murray, J., 9 CLT No. 51, 17). In that case the purchasers filed a motion to reduce the purchase price of premises sold under a judgment of foreclosure by sale where the mortgagors held over after the confirmation of the sale and did damage to the premises. The court held that the actions occurred after the purchaser bought the premises, i.e. after the confirmation, and the mortgagors were therefore his tenants at sufferance. The court stated that the purchaser was effectively seeking a modification of the court's judgment of foreclosure, but the sale has already been confirmed and consummated. "[The purchaser] purchased the property unfortunately with the risk of the [mortgagors] in possession. His very standing to complain is bottomed upon being now an owner of the premises." Id.
The two other cases cited by the parties involve attempts by the purchaser to avoid the contract of sale. In Security PacificNational Bank v. Carchidi, Superior Court, Judicial District of New London, Docket No. 096146 (November 1, 1991, Koletsky, J.), the successful bidder objected to the approval of the sale, arguing that a hurricane had damaged the property. The court held that the damage to the property was not so substantial as to cause a disapproval of the sale, and put the risk of loss on the purchaser. In Town of Wethersfield v. LeClerk, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 383269 (June 24, 192, Satter, STR), after approval by the court, but before the closing, a fire broke out in the residence, likely caused by the defendant in the foreclosure action, causing considerable damage. The court held that the fire prevented substantial performance of the contract. The court appealed to equity in making the decision. The property was appraised at $110,000, the successful bid was $66,500, and the cost of repair amounted to $14,039. A further consideration was that the plaintiff's debt was $23,000, therefore the defendant retained substantial equity in the property. Since he caused the fire the court found that he should bear the loss. CT Page 623
Further comment is cited by the defendant from Caron, who states that after the sale, a foreclosed owner may on occasion "express his frustration by either committing waste to the property or absconding with what would normally be construed as fixtures. If these incidents occur after the auction, an adjustment of the sale price may be in order." Caron, Connecticut Foreclosures (1991). It should be noted that this passage refers to an adjustment in the price before or at the hearing to confirm the sale.
Likewise, another source provides that after a sale but before confirmation, if the property sold is destroyed or materially injured the purchaser will not be compelled to comply with the purchase. 47 Am.Jur.2d, Judicial Sales § 299 (1995). This source appears to make a distinction between destruction before and after the confirmation, stating that after the confirmation a sale will only be vacated for lack of jurisdiction, fraud, collusion, accident, mutual mistake, breach of trust, or misconduct which has caused injustice. 47 Am.Jur.2d, supra, § 359 (1995). This rule is echoed in Connecticut law, "[f]ollowing confirmation of the sale, a judicial sale generally will not be set aside in the absence of fraud, mistake, or surprise. The rule of caveat emptor is generally applicable to judicial sales." (Internal quotation marks omitted.) CiticorpMortgage, Inc. v. Burgos, supra, 227 Conn. 120. In this case the parties do not know whether the destruction occurred before or after the confirmation.
A hearing was conducted on December 16, 1996. The only witness was Eugene Brennan, the husband of the successful bidder, Diane Sheehan Brennan. The property had been sold to a third party prior to the December 6th hearing.
Eugene Brnennan was the contractor for the project, and he testified that he performed and/or supervised both the clean up and repairs caused by the prior owner and also the planned improvements.
The Court finds that there was no clear and convincing evidence as to the cost of labor to repair the damage to the property.
The court finds, however, that the cost of materials purchased to repair the damage, in the amount of $5,156.35, should be released to the purchaser, Diane Sheehan Breenan.
So ordered this 3rd of January, 1997.
RICHARD J. TOBIN, JUDGE CT Page 624