[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On February 21, 1998, the petitioners, Michael and Theresa Rinaldi ("Rinaldi"), as the highest bidders for a property known as 35 Thendara Drive, Waterbury, Connecticut, signed a sales agreement providing that the property was being sold "as is." On March 23, 1998, the Committee's motion for approval of the property's sale for $158,600 was granted. The closing was scheduled for April 27, 1998, however, the Rinaldi discovered that damage had been inflicted upon and fixtures had been removed from the property. On June 2, 1998, their Motion To Be Made A Party Defendant was granted. On May 15, 1998, the Rinaldi filed a Motion for Reduction of Sales Price and a Motion to Rescind Order of Sale.
The plaintiff, First Union Bank of Connecticut ("First Union Bank") objects to the granting of either motion.
It is well established that a foreclosure action constitutes an equitable proceeding. . . .In an equitable proceeding, the trial court may examine all relevant factors to ensure that complete justice is done. . . .the determination of what equity requires in a particular case, the balancing of the equities, is a matter for the discretion of the trial court." (Citations omitted; internal quotation marks omitted.) Citicorp Mortage,Inc. v. Burgos, 227 Conn. 116, 120, 629 A.2d 410 (1993). "A judicial sale is one made as a result of judicial proceedings by a committee of sale legally appointed by the court for that purpose. . . .The court is the vendor, and the committee appointed to make the sale is the mere agent of the court." Id., p. 120. "The buyer has equitable title at the time of the sale. . . .After confirmation the buyer is the owner of the property." (Citations omitted.) Union Trust Co. v. Mastrobuono,
Superior Court, judicial district of Stamford/Norwalk at Stamford, docket No. 141418 (January 3, 1997, Tobin, J.).
The Rinaldi argue in support of their motion for reduction of sales price that "[s]ince the time of the Order of Sale... the condition of the property [that they successfully bid upon] has been damaged by [D'Alessio] and assets have been removed. Accordingly, the Purchasers, Michael Rinaldi and Theresa Rinaldi CT Page 10083 seek to reduce the sale price by the sum of fifteen thousand dollars . . ."
First Union Bank argues that "[t]he successful purchasers, Michael and Theresa Rinaldi, are not claiming a total destruction of the Property but the removal of the fixtures totaling . . . less than 10% of the successful bid. . . . Moreover, the Rinaldi have not claimed any reliance . . .for certain items to remain with the Property . . ." Consequently, First Union Bank takes the position that there should be no reduction of the sales price.
At hearing, evidence of the removal of ceratin fixtures at the direction of the defendant, D'Alessio, and of damage done to other fixtures and systems convinces the court that the cost of replacement or repair of same exceeds $15,000.00. Further, it is clear that the fixtures were removed in violation of this court's order of March 23, 1998, which resulted from the defendant's earlier indication that she was going to remove certain fixtures from the premises.
After considering the position of the parties' as stated at hearing and as set out in their briefs, the court is of the opinion that as between the Rinaldi and First Union Bank, both being without fault in this matter, the latter, as plaintiff, is in a better position to hold the defendant financially accountable for her actions. Consequently, if relief is to be offered either party, it is to be provided to the Rinaldi.
In an attempt to resolve the matter equitably in accord with the foregoing, the court orders the following:
The sales price is reduced by $15,000.00 from $158,600.00 to $143,600.00. This reduction, however, is conditioned upon First Union Bank's acceptance of same. Should this reduction be unacceptable, First Union Bank shall provide written notice of the same to the court and all parties of record within thirty days of the date hereof. Upon receipt of such notice and without further order of the court, the contract of sale shall be rescinded, the order of the court granting the committee's motion for approval of sale shall be vacated and the deposit shall be returned to the Rinaldi. Thereafter, at a hearing held for that purposes, a new sale shall be ordered.
Should First Union Bank accept the $15,000 reduction in sales CT Page 10084 price, the closing of title shall take place within 45 days of the date hereof.
So ordered.
WEST, J.