# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### SEPTEMBER 21, 2005 Session

## UT MEDICAL GROUP, INC. v. VAL Y. VOGT, M.D.

**Direct Appeal from the Chancery Court for Shelby County**
**No. CH-04-0303-2      Arnold Goldin, Chancellor**

———————————————

**No. W2005-00256-COA-R3-CV - Filed February 15, 2006**

———————————————

This appeal stems from a contract dispute between an employee doctor and her employer where the employer alleged that the doctor anticipatorily breached a covenant not to compete provision in the employment agreement between the parties.  In this appeal, we are asked to determine whether (1) the trial court's grant of summary judgment to the doctor was proper; (2) the trial court's denial of summary judgment to the employer was proper; (3) the trial court's grant of the doctor's motion to stay discovery was proper; (4) the doctor's voluntary nonsuit of her counter claims while the employer's motion for summary judgment was still pending was proper; (5) the chancery court erred when it returned interpled funds back to the doctor; and (6) the chancery court abused its discretion when it denied the employer's motion to amend its complaint.  We affirm in part, reverse in part, and remand for further proceedings.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed in Part, Reversed in Part and Remanded**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and DAVID R. FARMER, J., joined.

Stephen H. Biller, Walter E. Schuler, Memphis, TN, for Appellant

Kenneth P. Jones, Memphis, TN, for Appellee

# OPINION

## I. FACTS & PROCEDURAL HISTORY

In March of 2002, Dr. Val Y. Vogt ("Dr. Vogt" or "Appellee") and UT Medical Group, Inc. ("UTMG" or "Appellant, or collectively with Dr. Vogt, the "Parties") entered into a new employment contract ("Employment Agreement"). The Employment Agreement took effect retroactively on July 1, 2001 and ended on June 30, 2002. The Employment Agreement automatically renewed for successive terms of one year unless terminated by one of the Parties. Dr. Vogt could terminate this contract without cause with a 60 day written notice. The contract also contained a covenant not to compete provision, which stated that Dr. Vogt could not practice medicine in Shelby County or within a 150 mile radius of Shelby County (the "Restricted Area"). If Dr. Vogt violated this provision, she would be required to pay liquidated damages equaling 66 2/3% of "all fees or other income generated or obtained by [Dr. Vogt] or through . . . her efforts as a result of the breach." Pursuant to the Employment Agreement, Dr. Vogt could buy out her covenant not to compete provision for 100% of her "annual planned income" for the preceding fiscal year.

On December 15, 2003, Dr. Vogt gave UTMG written notice of her intent to terminate the Employment Agreement. On January 14, 2004, Dr. Vogt informed UTMG that she planned to engage in the practice of medicine locally and wanted "to discuss the buy-out and the possible mechanisms that address the noncompetition component of [her] agreement." UTMG filed suit claiming anticipatory repudiation on February 13, 2004. At the time UTMG filed suit, Dr. Vogt had not paid the amount required by the Employment Agreement to exercise her buy-out provision. Dr. Vogt filed her answer along with counter claims against UTMG and interpled funds sufficient to exercise the buy-out option of the Employment Agreement to the chancery court. After filing her answer and counter claims, Dr. Vogt filed a motion to dismiss UTMG's claims on March 11, 2004. On March 12, 2004, Dr. Vogt filed a motion requesting the return of the funds she interpled to the chancery court, which was granted. On March 19, 2004, Dr. Vogt filed a motion for protective order and to stay discovery, which was granted in part and denied in part on April 2, 2004. On March 26, 2004, UTMG filed a cross-motion for summary judgment. On April 2, 2004, Dr. Vogt filed a second combined motion for protective order and stay of discovery. While Dr. Vogt's motion to dismiss and UTMG's motion for summary judgment were pending, the chancery court granted Dr. Vogt's second motion for a stay of discovery. During that same period, Dr. Vogt filed a notice with the court stating that she was voluntarily non-suiting her counter claims without prejudice. Upon hearing Dr. Vogt's motion to dismiss and UTMG's cross-motion for summary judgment, the chancery court entered an order on May 14, 2004 granting Dr. Vogt's motion to dismiss and denying UTMG's motion for summary judgment.

On May 14, 2004, UTMG petitioned the court to reconsider its judgment. The chancery court then withdrew its order, and changed Dr. Vogt's motion to dismiss to a motion for summary judgment. On May 28, 2004, UTMG filed a motion to amend its amended and supplemental complaint. On June 4, 2004, the chancery court conducted a hearing on the merits of UTMG's

motion to amend its amended and supplemental complaint. The chancery court subsequently entered an order on June 28, 2004 denying UTMG's motion to amend its amended and supplemental complaint, finding that allowing such amendment would prejudice Dr. Vogt. On June 25, 2004, UTMG filed a motion to set aside Dr. Vogt's notice of voluntary dismissal of her counter claims without prejudice and a second motion for summary judgment. On August 20, 2004, UTMG filed a motion to lift stay of discovery, which the chancery court denied. On September 15, 2004, the chancery court entered an order permitting Dr. Vogt to voluntarily dismiss her counter claims without prejudice and denying UTMG's motion to set aside Dr. Vogt's voluntary dismissal of her counter claims without prejudice. On November 1, 2004, the chancery court granted Dr. Vogt's motion for summary judgment. Thereafter, UTMG petitioned the court to alter or amend this new order. The chancery court denied this motion.

## II.  ISSUES PRESENTED

Appellant has timely filed its notice of appeal and presents the following issues for review:

1.      Whether the chancery court erred when it stayed discovery pending a motion to dismiss and a motion for summary judgment;
2.      Whether the chancery court erred when it denied the Appellant's motion to amend its complaint to add/clarify its claims;
3       Whether the chancery court erred when it allowed Appellee to voluntarily dismiss her counterclaim while Appellant's motion for summary judgment was pending;
4.      Whether the chancery court erred when it granted Appellee's motion for return of interpled funds without first determining if Appellee owed the funds to Appellant;
5.      Whether the chancery court erred when it granted the Appellee's motion for summary judgment, concluding that Appellant did not have a justiciable question; and
6.      Whether the chancery court erred when it denied the Appellant's motion for summary judgment.

For the following reasons, we affirm in part and reverse in part the decision of the chancery court and remand for further proceedings.

## III.  DISCUSSION

### A.    *Motion to Stay Discovery*

First, Appellant asserts that the chancery court abused its discretion when it granted Appellee's motion to stay discovery and denied Appellant's motion to lift the stay of discovery. Specifically, Appellant contends that it could not fully and fairly defend against Appellee's converted motion for summary judgment or support its own motion for summary judgment because the chancery court stayed discovery before Appellant was allowed to take the deposition of Appellee.

"Decisions with regard to discovery matters are in the sound discretion of the trial court, and so appellate courts are reluctant to reverse a trial court's decision unless a clear abuse of discretion is demonstrated." *Price v. Mercury Supply Co.*, 682 S.W.2d 924, 935 (Tenn. Ct. App. 1984) (citations omitted). "A trial court abuses its discretion only when it 'applies an incorrect legal standard, or reaches a decision which is against logic or reasoning that causes an injustice to the party complaining.'" *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (quoting *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999)). "A trial court's decision involving discovery must be viewed in the context of the issues being tried and the posture of the case at the time the request for discovery is made." *Price*, 682 S.W.2d at 935.

This court has recently decided a similar issue in *Everett v. McCall*, No. E2000-02012-COA-R3-CV, 2001 Tenn. App. LEXIS 215 (Tenn. Ct. App. Apr. 3, 2001). In that case, this Court was presented with the question of: "Should the trial judge have granted the plaintiff's request for additional time within which to take defendant's discovery deposition?" *Id.* at *6. Basing our decision on the principles set forth in *Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993), we found that because the defendant's motion for summary judgment was filed on February 8, 2000 and heard on March 17, 2000, "the plaintiff was [not] given a 'sufficient time for discovery.'" *Everett*, 2001 Tenn. App. LEXIS 215, at *6-7. Thus, we held that the trial court abused its discretion when it did not grant a continuance so that the plaintiff could take discovery of the defendant. *Id.* at *8. We find this rationale to apply here as well.

Appellee filed her motion to dismiss on March 11, 2004. On March 19, 2004, Appellee filed her motion for protective order and to stay discovery. On March 26, 2004, Appellant filed its cross-motion for summary judgment to Appellee's motion to dismiss. That same day, the chancery court conducted a hearing on Appellee's motion for protective order and to stay discovery. The chancery court subsequently entered an order granting in part and denying in part Appellee's motion for protective order and to stay discovery. This order did not stay the taking of Appellee's deposition. On April 2, 2004, Appellee filed a second combined motion for protective order and to stay discovery. After Appellee failed to appear to have her deposition taken and failed to give an alternate date for Appellant to take her deposition, Appellant filed a motion to compel discovery on April 16, 2004. On April 23, 2004, the chancery court granted Appellee's motion for protective order and to stay discovery, including the taking of Appellee's deposition, and denied Appellant's motion to compel discovery. On April 30, 2004, the chancery court heard both Appellant's cross-motion for summary judgment and Appellee's motion to dismiss. On May 14, 2004, the chancery court entered an order granting Appellee's motion to dismiss and denied Appellant's cross-motion for summary judgment. Upon a hearing conducted on Appellant's motion to reconsider its prior order, the chancery court granted a rehearing and amended its earlier order to vacate its grant of Appellee's motion to dismiss. The chancery court stated that it would treat Appellee's motion to dismiss as a motion for summary judgment. The chancery court also continued to stay discovery until the motion for summary judgment was heard, denying Appellant's motion to lift the stay of discovery.

As in *Everett*, we cannot say that Appellant was given sufficient time to take discovery of Appellee.[1]  Accordingly, we reverse the judgment of the chancery court and remand.  Thus, the issues relating to the chancery court's grant of Appellee's motion for summary judgment and the chancery court's denial of Appellant's cross-motion for summary judgment are pretermitted.

### B.     Amendment of Claims

Next, Appellant argues that the chancery court abused its discretion when it denied Appellant's motion to amend its complaint to conform to the evidence.

As our supreme court has stated,

> Rule 15 of the Tennessee Rules of Civil Procedure governs the amendment of pleadings. Rule 15.01 provides that leave to amend pleadings "shall be freely given when justice so requires." However, the grant or denial of a motion to amend is regarded as being within the sound discretion of the trial court, *see Doyle*, 49 S.W.3d at 856, and trial courts are not required to grant such motions if "the amendment would have been futile[,]" *Huntington Nat'l Bank v. Hooker*, 840 S.W.2d 916, 923 (Tenn. Ct. App. 1991).

*Sallee v. Barrett*, 171 S.W.3d 822, 829-30 (Tenn. 2005).  Other factors a trial court considers when deciding whether to grant or deny a motion to amend a complaint are: "'undue delay in filing; lack of notice to the opposing party; bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, [and] undue prejudice to the opposing party . . . .'" *Welch v. Thuan*, 882 S.W.2d 792, 793 (Tenn. Ct. App. 1994) (quoting *Merriman v. Smith*, 599 S.W.2d 548, 559 (Tenn Ct. App. 1979)).

This Court reviews a trial court's denial of a motion to amend a complaint under an abuse of discretion standard.  *Merriman*, 599 S.W.2d at 559 (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 28 L. Ed. 2d 77, 91 S. Ct. 795 (1971)).  This Court "will set aside a discretionary decision only when the trial court has misconstrued or misapplied the controlling legal principles or has acted inconsistently with the substantial weight of the evidence." *White v. Vanderbilt Univ.*, 21 S.W.3d 215, 223 (Tenn. Ct. App. 1999) (citing *Overstreet v. Shoney's, Inc.*, 4 S.W.3d 694, 709 (Tenn. Ct. App. 1999)). When reviewing a trial court's discretionary decision, [this Court] . . . begins with the presumption that the decision is correct and should review the evidence in the light most favorable to the decision." *Overstreet*, 4. S.W.3d at 709 (citing *In re*

---

[1] We note that, at the hearing on Appellee's motion to dismiss, the chancery court stated that it didn't think that Appellant needed Appellee's deposition because Appellee had submitted an affidavit.  However, the statements made in Appellee's affidavit are inconsistent with the pleadings and other statements made by Appellee.  Further, Appellant has not had the ability to ask its own questions of Appellee to elicit information that could be helpful in its defense of Appellee's motion and to support its own motion for summary judgment.

*Conservatorship of Scharles*, 233 Cal. App. 3d 1334, 285 Cal. Rptr. 325, 329 (Ct. App. 1991); *Citicorp Mortgage, Inc. v. Burgos*, 227 Conn. 116, 629 A.2d 410, 412 (Conn. 1993); *Onwuteaka v. Gill*, 908 S.W.2d 276, 280 (Tex. Ct. App. 1995)). This Court "should permit a trial court's discretionary decision to stand if reasonable judicial minds can differ concerning its propriety." **Id.** (citations omitted).

On appeal, Appellant has asserted that the chancery court abused its discretion because it did not give a reasoned explanation for its denial of Appellant's motion to amend. To support its assertions, Appellant has pointed to several cases in its brief where the trial court's actions in those cases were an abuse of discretion. However, in the cases that Appellant relies on for support, the trial courts in those cases failed to conduct a hearing on a party's motion to amend complaint and denied the motion without a reasoned explanation. **See, e.g., Henderson v. Bush Bros. & Co.**, 868 S.W.2d 236 (Tenn. 1993); **Lowery v. Faires**, No. 03A01-9605-CV-00177, 1996 Tenn. App. LEXIS 804 (Tenn. Ct. App. Dec. 16, 1996).

Here, Appellant filed its motion to amend its amended and supplemental complaint well after the chancery court had initially ruled on Appellee's motion to dismiss and Appellant's motion for summary judgment. After conducting a hearing on Appellant's motion to amend its amended and supplemental complaint and considering "the [P]arties' motion papers and response, arguments, and the entire record in this cause," the chancery court specifically found that allowing Appellant to amend its amended and supplemental complaint would cause an undue prejudice to Appellee. In doing so, the court noted that the status of the case at that point was that Appellee's motion to dismiss would be heard as a motion for summary judgment upon Appellee filing a statement of undisputed facts with the chancery court. From our review of the record in this case, we find that reasonable minds could differ as to the propriety of the chancery court's denial of Appellant's motion to amend its amended and supplemental complaint. Additionally, we note that the finding as to the timing of Appellant's filing of its motion to amend its complaint was equivalent to a finding of undue delay. **See Welch v. Thuan**, 882 S.W.2d 792, 793-94 (Tenn. Ct. App. 1994) (upholding trial court's denial of a plaintiffs' motion to amend their complaint, finding of undue delay where plaintiffs filed a motion to amend their complaint five days after defendants filed a motion for summary judgment).

In light of the foregoing reasons, we conclude that the chancery court did not abuse its discretion when it denied Appellant's motion to amend its amended and supplemental complaint. Accordingly, we affirm the decision of the chancery court as to this issue.

### C. Voluntary Dismissal

Third, Appellant contends that the chancery court erred when it allowed Appellee to voluntarily dismiss her counter claims against Appellant.

While Rule 41.01 states that a party may not take a voluntary nonsuit of its claims when "a motion for summary judgment made by an adverse party is pending," Tenn. R. Civ. P. 41.01 (2004),

"it is implicit in the Rule and inherent in the power of the Court that, under a proper set of circumstances, the Court has the authority to permit a voluntary dismissal, notwithstanding the pendency of a motion for summary judgment," *Stewart v. Univ. of Tenn.*, 519 S.W.2d 591, 593 (Tenn. 1974). This Court reviews a trial court's grant of a voluntary nonsuit while an adverse party's motion for summary judgment is pending under an abuse of discretion standard. *See Id.* at 593. "A trial court abuses its discretion only when it 'applies an incorrect legal standard, or reaches a decision which is against logic or reasoning that causes an injustice to the party complaining.'" *Eldridge*, 42 S.W.3d at 85 (quoting *Shirley*, 6 S.W.3d at 247).

From the record before us, we cannot say that the chancery court abused its discretion when it allowed Appellee to voluntarily nonsuit her counter claims. Accordingly, we affirm the decision of the chancery court as to this issue.

### D.    Return of Interpled Funds

Finally, Appellant asserts that the chancery court erred when it granted Appellee's motion for return of interpled funds without first determining if Appellee owed the funds to Appellant.

Appellee stated in her counter claims that she wanted to practice medicine in Shelby County and had exercised her buy-out option. Appellee also sought to have the covenant not to compete provision of the Employment Agreement declared void and unenforceable. In case the chancery court found that the covenant not to compete provision was enforceable and that Appellee may enter into practice with current or former employees of Appellant, Appellee interpled the funds required to properly exercise her buy-out option. Subsequently, in her motion for return of interpled funds, Appellee stated that she will not work with any other doctors who formerly worked for Appellant before the expiration date of the covenant not to compete provision, that she was seriously considering taking employment in Indiana, and that she desired the interpled funds back. The chancery court granted this request.

Rule 22.01 of the Tennessee Rules of Civil Procedure requires funds to be interpled when the person in possession of funds or property but with no rights to those funds or property may be exposed to double or multiple liability by retaining those funds. Tenn. R. Civ. P. 22.01 (2005). Thus,

> when two or more persons claim the same thing or fund of a third, and he, laying no claim to it himself, is ignorant as to which of them has a right to it, and fears he may be prejudiced by their proceeding against him to recover it, he may join such claimants as defendants and require them to interplead their claims so that he may not be exposed to double or multiple liability.

Tenn. Jur. *Interpleader* § 1 (2004).

Here, there was no requirement for the funds to be deposited with the court because there were not multiple adverse parties against Appellee claiming ownership of the funds. Further, Appellee was not a party with no rights to the funds and unable to determine proper ownership of those funds. Rather, Appellee had a disputed right to the funds. Interpleading funds as the chancery court allowed Appellee to do was unnecessary. Thus, the chancery court did not err when it returned the funds deposited with the court back to Appellee. Accordingly, the decision of the chancery court as to this issue is affirmed.

## IV. CONCLUSION

For the foregoing reasons, we affirm in part and reverse in part the decision of the chancery court. We remand for further proceedings. Costs of this appeal are taxed one-half to Appellant, UT Medical Group, Inc., and its surety, and one-half to Appellee, Dr. Val Y. Vogt, M.D., for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE